PRICE BROTHERS COMPANY, Plaintiff–Appellee Cross–Appellant,

v.

PHILADELPHIA GEAR CORPORA-
TION, Defendant–Appellant
Cross–Appellee.

Nos. 78–3088, 78–3089.

United States Court of Appeals,
Sixth Circuit.

Argued April 1, 1980.
Decided Sept. 5, 1980.

---

Robert P. Bartlett, Jr., Robert E. Portune, Estabrook, Finn & McKee, Dayton, Ohio, for defendant–appellant cross–appellee.

Neil F. Freund, Young & Alexander, Dayton, Ohio, for plaintiff–appellee cross–appellant.

Before KEITH and MERRITT, Circuit Judges and PECK, Senior Circuit Judge.

PECK, Senior Circuit Judge.

This is an appeal from a judgment entered in a diversity action for breach of contract and breach of warranties. Plaintiff, Price Brothers Company, a manufacturer of reinforced concrete pipe, brought this suit against Philadelphia Gear Corporation, claiming that machine components produced by the defendant and used in Price Brothers' pipe wrapping machine failed to perform as represented. After the parties' presentation of evidence to the bench on the issues of liability and damages and the receipt of testimony of a court–appointed expert, the district court entered judgment for the plaintiff and awarded it $125,864.15. The defendant appeals from the finding of liability and award of damages. Plaintiff cross–appeals, asserting that the damage award is inadequate.

Philadelphia Gear raises a number of issues on this appeal. For reasons that will become apparent below, we address only the question of the propriety of the alleged conduct of the trial judge in sending his law clerk to view the subject matter of this litigation.

Following the entry of judgment, the plaintiff filed a motion to alter or amend the judgment, pursuant to Rule 59(e), Fed. R.Civ.P., accompanied by defense counsel's sworn statement that the trial judge's law clerk had traveled to Beacon, New York, prior to trial, and visited the plaintiff's plant where he observed Price Brothers' malfunctioning pipe wrapping machine.

Defendant asked the court to amend its findings to reflect the visit. The district judge denied the motion without commenting on whether his clerk had, in fact, made the alleged trip. Philadelphia Gear argues here that the trial court's reliance on evidence outside the record is clearly erroneous.

■ We believe that, where a suit is to be tried without a jury, sending a law clerk to gather evidence is so destructive of the appearance of impartiality required of a presiding judge that we must remand this case for an evidentiary hearing to determine the truth of Philadelphia Gear's allegation.

We recognize that not every ex parte communication to the trial court requires reversal. In *United States v. Green*, 544 F.2d 138 (3d Cir. 1976), *cert. denied*, 430 U.S. 910, 97 S.Ct. 1185, 51 L.Ed.2d 588 (1977), for example, a trial judge instructed his law clerks to observe a criminal defendant in the courtroom when he was out of the view of the prosecutor, his counsel, the jury, and the judge. The judge had ruled defendant competent to stand trial at a pre–trial hearing, but had received reports during the course of the trial that the defendant was not communicating with his attorney or assisting in the presentation of his defense. The trial court advised defense counsel that the defendant's behavior was being monitored, and no objection was raised. At a post–trial competency hearing, the law clerks testified to their observations, suggesting that the defendant was faking his purported mental impairment. The trial judge again ruled that the defendant was mentally competent. The Third Circuit held that the defendant had not been denied his right to a fair trial. In so holding, the court placed special emphasis on the facts that defense counsel had notice of the procedure being used and failed to object, that the clerks had placed their observations on the record, and that the defense had been offered an opportunity to cross–examine them and to offer additional evidence.

■ Some conduct is so inimical to the fair and impartial administration of justice, however, that the presumption of prejudice arising therefrom is conclusive and requires an automatic reversal. This principle was recently recognized by this Court in *Standard Alliance Industries, Inc. v. Black Clawson Co.*, 587 F.2d 813 (6th Cir. 1978), *cert. denied*, 441 U.S. 923, 99 S.Ct. 2032, 60 L.Ed.2d 396 (1979). There, the trial judge sent his law clerk to interview two jurors to determine whether they had been improperly contacted by defense counsel after rendering a verdict in the liability phase of a civil trial. Judge Keith, writing for the Court, there said: "Ex parte contact between a judge and jury raises a presumption of reversible error." *Id.* at 828. Noting that "the length and nature of the law clerk's contact with the jury was unknown [because] [n]o record was kept [and] no notice was given to the parties," the Court held that the presumption of prejudice could not be rebutted. *Id.* at 828–829.

In a case analogous to the one before us, the Fifth Circuit reversed a jury verdict for the plaintiff where the trial court permitted its law clerk to testify to what he saw at a curiosity–inspired private view of the scene of a slip–and–fall injury. *Kennedy v. Great Atlantic & Pacific Tea Co.*, 551 F.2d 593 (5th Cir. 1977). The injury had occurred at the defendant's store on a rainy morning, and the clerk visited the store after a rain storm at which time, according to his testimony, he observed a puddle of water on the floor. The trial judge repeatedly cautioned the jury not to attach any special significance to his law clerk's testimony. The Court of Appeals, nevertheless, held that it was required to vacate the judgment in the exercise of its supervisory power. The court first observed that it was the "duty [of the law clerk] as much as that of the trial judge to avoid any contacts outside the record that might affect the outcome of the litigation." *Id.* at 596. Reasoning that the finder of fact must be " 'free from external causes tending to disturb the exercise of deliberate and unbiased judgment,' " and that the courts must not tolerate " 'any ground of suspicion

that the administration of justice has been interfered with,'" quoting *Mattox v. United States*, 146 U.S. 140, 149, 13 S.Ct. 50, 53, 36 L.Ed. 917 (1892), the appeals court concluded that the potential for prejudice resulting from the identification of the witness with the trial court was so great that the verdict could not be permitted to stand. 551 F.2d at 598.

We have found no case that addresses the precise issue before us. The principle that reverberates throughout the decisions discussed above, however, is that a judge may not direct his law clerk to do that which is prohibited to the judge. Unquestionably, it would be impermissible for a trial judge to deliberately set about gathering facts outside the record of a bench trial over which he was to preside.

The duty to avoid off–the–record contacts that might influence the outcome of the litigation is expressed in Canon 3(A)(4) of the Code of Judicial Conduct for United States Judges, which provides: "A judge should neither initiate nor consider ex parte . . . communications concerning a pending or impending proceeding. . . ." Canon 3(C)(1)(a) goes even farther and imposes a duty upon a judge to disqualify himself where his "impartiality might reasonably be questioned" because of his "personal knowledge of disputed evidentiary facts concerning the proceedings." The problem attendant to a judge having personal knowledge of the facts is that he may thereby be transformed into a witness for one party. Where the trial is to a jury, explicit rules provide some protection. If a judge is to preside, he may not testify. Rule 605, Fed.R.Evid.[1] If he is to testify, he may not preside. 28 U.S.C. § 455.[2] A rule that merely prohibits a presiding judge from testifying in open court, however, does not insure that the fact finder will be "free from external causes tending to disturb the exercise of deliberate and unbiased judgment," *Mattox v. United States, supra,*

where the trial is to the bench. Whether, in a bench trial, a judge can avoid an involvement destructive of impartiality where he has personal knowledge of material facts in dispute is a question that cannot be answered satisfactorily, *see* Advisory Committee's Notes, Rule 605, Fed.R.Evid., and, therefore, a judge should recuse himself in such circumstances. *See, e. g., Roberson v. United States,* 249 F.2d 737, 741 (5th Cir. 1957), *cert. denied,* 356 U.S. 919, 78 S.Ct. 704, 2 L.Ed.2d 715 (1958).

The present state of the record raises many questions that must be answered prior to any further consideration of the other issues raised on this appeal. We do not know whether the clerk actually visited plaintiff's plant, though Price Brothers Company does not deny the allegations in its brief. Most importantly, we do not know whether the trip, if made, was at the direction of the trial judge; nor does the record disclose the nature of any conversations the law clerk may have had with plaintiff's employees, the observations he may have made while at the plant, or whether any of the information obtained on the trip was reported to the judge. It further remains to be discovered at what point defense counsel learned of the trip, and from what source; and whether defense counsel expressly or tacitly approved of the procedure.

We remand for an evidentiary hearing and report. We reserve jurisdiction to consider and pass upon the report, and to consider all further issues raised on this appeal, if it is found that the allegation of impropriety is unfounded.

---

1. Rule 605, Fed.R.Evid., provides: "The judge presiding at the trial may not testify in that trial as a witness. No objection need be made in order to preserve the point."

2. Title 28 U.S.C. § 455 provides, in part: "Any . . . judge of the United States shall disqualify himself in any case in which he . . . is or has been a material witness . . . .."