780 F.2d 1023
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
DARIES SHERRILLS, Plaintiff-Appellant,
v.
STATE OF OHIO; CITY OF CLEVELAND; CLEVELAND POLICE
DEPARTMENT, CLEVELAND METROPOLITAN HOUSING
AUTHORITY AND PATROLMAN BATTLES,
Defendants-Appellees.
 84-3863, 85-3833
 United States Court of Appeals, Sixth Circuit.
 11/18/85
 
 VACATED AND REMANDED
 N.D.Ohio
 ORDER
 BEFORE: LIVELY, Chief Judge; MARTIN, Circuit Judge; and PECK, Senior Circuit Judge.
 
 
 1
 Plaintiff appeals the sua sponte dismissal of his pro se civil rights action. Plaintiff has moved for in forma pauperis status and for appointment of counsel on appeal. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of plaintiff's brief and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff filed suit against the State of Ohio, City of Cleveland, Cleveland Police department, Cleveland Metropolitan Housing Authority and Patrolman Battles for alleged civil rights violations surrounding a 1981 arrest and prosecution on aggravated burglary charges. The court granted pauper status and the complaint was filed on January 13, 1983. The court entered an order appointing attorney Patricia Kleri to represent plaintiff. The return of service was returned unexecuted and the complaint was never served on defendants. On March 10, 1983, plaintiff filed a motion for counsel on the grounds that attorney Kleri told him that she was not representing him but had been sent by the court to gather information. On June 29, 1983, the court entered an order stating in full:
 
 
 3
 Upon consideration and upon the recommendation of the court-appointed counsel that it is unlikely that Mr. Sherrills' claim would prevail,
 
 
 4
 IT IS ORDERED that the complaint is hereby dismissed, with prejudice, at plaintiff's costs.
 
 
 5
 Attached to the order was attorney Kleri's report on the factual basis of plaintiff's claim in this and another civil rights case he had filed. The report also contained a legal analysis and recommendation that the court could dismiss the complaint. This report was addressed to the judge personally; it was not filed or served on plaintiff. Plaintiff filed a timely notice of appeal on July 11, 1983.
 
 
 6
 The district court sua sponte dismissed the case without service on defendants based on the report of court-appointed counsel Patricia Kleri. A pro se complaint should be liberally construed, Haines v. Kerner, 404 U.S. 519 (1972), and should not be dismissed unless it is clear that the plaintiff could not allege any facts in support of his claim. Conley v. Gibson, 355 U.S. 41 (1957). The district court apparently appointed counsel not to represent plaintiff but to investigate the allegations in the complaint and report her findings to the court. It is impermissible for a trial judge to gather facts outside of the record. Price Brothers Co. v. Philadelphia Gear Corp., 629 F.2d 444 (6th Cir. 1980), cert. denied, 454 U.S. 1099 (1981). As this Court stated in Price Brothers Co. v. Philadelphia Gear Corp., 649 F.2d 416, 419 (6th Cir. 1981):
 
 
 7
 It is imperative that a finder of fact avoid off-the-record contacts that might bias its judgment or otherwise impair its ability to fairly and objectively weigh the evidence properly submitted to trial. A judge presiding at a bench trial may not directly or indirectly, through his law clerk or by any other means, conduct an investigation outside the record and use the results of that investigation in determining the facts of a case. It need hardly be mentioned that what a judge cannot do in person he may not do by proxy . . .. The fair and impartial administration of justice demands that facts be determined only upon the evidence properly presented on the record. Furthermore, it is incumbent on the finder of fact to protect the appearance, as well as the fact, or [sic] its impartiality. It is fundamental that no judgment can be maintained under circumstances that suggest that the fact finder may have relied on covert, personal knowledge rather than on the evidence produced in open court and subject to review by the parties, the public, and the appellate court.
 
 
 8
 The district judge relied on Kleri's investigation and report to dismiss the case. This report was not filed with the court and plaintiff had no opportunity to respond. Since the court's decision was based on an improper ex parte factual investigation, the judgment is vacated and the case remanded for further proceedings.
 
 
 9
 The Court held in Tingler v. Marshall, 716 F.2d 1109 (6th Cir. 1983), that the district court must allow service of the complaint on defendants, notify all parties of its intent to dismiss the complaint, give plaintiff a chance to amend the complaint or respond to the district court's reasons for dismissal, and give defendant a chance to respond before dismissing a pro se action sua sponte. On remand, the court should follow the procedures established in Tingler v. Marshall, supra.
 
 
 10
 Accordingly, it is ORDERED that the motion to proceed in forma pauperis is granted, the motion for counsel is denied, the district court's judgment is vacated and the case is remanded for further proceedings. Sixth Circuit Rule 9(d)(4).