989 F.2d 500
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David PATTERSON, Plaintiff-Appellant,
v.
Sam MCPHERSON, Metropolitan Nashville and Davidson County;
Metropolitan General Services, Defendants-Appellees.
 No. 92-6212.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1993.
 
 Before MERRITT, Chief Judge, and BOGGS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 David Patterson, pro se, appeals from a district court order dismissing his case which he filed as one for "wrongful discharge from employment." The plaintiff has never averred subject matter jurisdiction in federal court. The defendants include the Director of the Department of General Services for the Metropolitan Government of Nashville and Davidson County, Tennessee, the Metropolitan General Services, and the entire Metropolitan Government of Nashville and Davidson County.
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his complaint, Patterson alleged that defendant McPherson discharged him from his employment with General Services on the basis of false accusations that he was "following people in the parking lot, hanging around the office, and being rude to people." Patterson argued that these charges are false and, therefore, he was wrongfully discharged from his employment. Patterson requested reinstatement of his job with full seniority and compensation of eight months of back pay, as well as "no intimidation on the job if I am reinstated."
 
 
 4
 Upon review, this court concludes that the district court properly dismissed this case as frivolous within the meaning of 28 U.S.C. § 1915(d). The district court, upon initial review, found that the complaint failed to state a claim for relief and failed to allege proper subject matter jurisdiction of a federal court. Accordingly, the district court provided the plaintiff the opportunity to amend his complaint. See Harris v. Johnson, 784 F.2d 222, 224 (6th Cir.1986); Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir.1983). Patterson failed to take advantage of this opportunity.
 
 
 5
 Considering that the court allowed leave to amend the complaint to cure its defects and no federal jurisdiction has yet been stated by the allegations contained therein, the district court did not abuse its discretion in dismissing the complaint as frivolous. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992); Gibson v. R.G. Smith Co., 915 F.2d 260, 261-63 (6th Cir.1990).
 
 
 6
 Accordingly, the district court's order is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.