7 F.3d 232
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clarence CORETHERS, Plaintiff-Appellant,
v.
ATLAS BONDING COMPANY, et al., Defendant-Appellee.
 No. 93-3193.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1993.
 
 Before: KEITH, NELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Clarence Corethers, pro se, appeals a district court order dismissing as frivolous his civil rights complaint filed under 42 U.S.C. § 1983. The defendants include a bonding company and two of its employees. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint, Corethers alleged that the defendants violated his civil rights by filing a complaint in the Ohio courts to recover on a bond posted on his behalf. The record shows that Corethers contracted with the defendant Atlas Bonding Company to supply bail bond, and, thereafter, Corethers failed to appear in court on the scheduled date, resulting in the forfeiture of the bond issued by Atlas. Corethers has submitted with his complaint a copy of the bonding company's complaint filed in state court seeking judgment against one Darnella Carlton, in the amount of $450 plus interest. In his complaint, Corethers mentions that Carlton is his sister and that she had contracted with the defendants on July 19, 1991, on his behalf. On appeal, Corethers, essentially repeats all of the allegations that he set forth in his original complaint. He also moves this court for the appointment of counsel, on appeal.
 
 
 3
 Under § 1915(d), a claim is frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The Supreme Court has held that a § 1915(d) dismissal is to be reviewed for an abuse of discretion, rather than de novo. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). See also Gibson v. R.G. Smith Co., 915 F.2d 260, 261-63 (6th Cir.1990). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. In re Bendectin Litigation, 857 F.2d 290, 307 (6th Cir.1988), cert. denied, 488 U.S. 1006 (1989).
 
 
 4
 Using a liberal standard of review because of the plaintiff's pro se status, the district court nevertheless properly dismissed this complaint as frivolous within the meaning of § 1915(d). Corethers's action may not survive in federal court, because he has not shown that the defendants' conduct is fairly attributable to the state or that their actions were taken under "color of state law." NCAA v. Tarkanian, 488 U.S. 179, 191 (1988); Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982); Simescu v. Emmet County Dep't of Social Servs., 942 F.2d 372, 374 (6th Cir.1991). Further, as properly found by the district court, the allegations must be construed as a complaint against a private actor, with any wrongdoing to be remedied pursuant to state law, rather than under federal or constitutional law. See Parratt v. Taylor, 451 U.S. 527, 535 (1981).
 
 
 5
 Accordingly, the motion for the appointment of counsel is hereby denied, and the district court's order dismissing this complaint as frivolous is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.