9 F.3d 108
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stanley MITCHELL, Plaintiff-Appellant,
v.
UNITED STATES ATTORNEY'S OFFICE; Stephen J. Markman;
Barbara Colby Tamase; William Coonce; Steven
Mitchell; Sam Wilson; United States
Drug Enforcement
Administration,
Defendants-
Appellees.
 No. 93-1101.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1993.
 
 Before: NORRIS and SILER, Circuit Judges, and OAKES, Senior Circuit Judge.*
 
 ORDER
 
 1
 Stanley Mitchell, pro se, appeals a district court judgment dismissing this Bivens and wiretap statutory action as frivolous pursuant to 28 U.S.C. Sec. 1915(d). See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 390-97 (1971). In that order, the district court judge also certified that any appeal would not be taken in good faith. 28 U.S.C. Sec. 1915(a). Mitchell has paid the appellate filing fee.
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his complaint, Mitchell alleged that the defendants conspired to deny him his federal rights under Title III of the Omnibus Crime Control and Safe Streets Act of 1968. 18 U.S.C. Sec. 2150 et seq. Specifically, Mitchell alleged that the defendants, who include the U.S. Attorney General's Office, the United States Drug Enforcement Administration (DEA), attorneys and agents employed by those agencies and an informant for the DEA, did not comply with certain provisions of the Act requiring the sealing of certain evidence obtained by electronic surveillance of individuals. See 18 U.S.C. Sec. 2518(8)(a). Mitchell argued that the prosecution used this evidence at his trial, knowing that the evidence had allegedly been altered. Mitchell believes that an agent deleted certain exculpatory portions of taped phone conversations that would have supported his defense of government entrapment. Mitchell further alleged that this activity denied him due process and deprived him of his constitutional rights under the Fourth, Fifth, and Sixth Amendments. Mitchell requested declaratory and injunctive relief, as well as compensatory and punitive damages totalling six million dollars from each defendant.
 
 
 4
 The district court determined that the complaint could be dismissed "for a number of reasons." However, the court decided that the doctrine of collateral estoppel barred the entire complaint as to all of the defendants, because Mitchell's claim of entrapment had already been decided against him in federal court. See Allen v. McCurry, 449 U.S. 90, 100-05 (1980).
 
 
 5
 Mitchell then filed a motion for reconsideration, which the district court also denied. In this order, the district court mentioned that, although a challenge to the defendants' acts may not have been raised in his direct criminal appeal, the relevant issues could have been raised at his trial, and, thus, were barred by the doctrines of collateral estoppel and res judicata.
 
 
 6
 On appeal, Mitchell again raises the issues of whether the defendants' failure to comply with the statute denied him his civil rights under federal and constitutional law, whether the named individuals should enjoy immunity, and whether the district court erred when it dismissed his claim as "frivolous" under the standards set forth in Neitzke v. Williams, 490 U.S. 319 (1989). Mitchell has also filed, on appeal, a motion for the appointment of counsel and a motion for the transmittal of all transcripts from his criminal trial, including the cassette-taped phone conversations and several other exhibits used by the government in his prosecution.
 
 
 7
 The Supreme Court has held that a Sec. 1915(d) dismissal is to be reviewed for an abuse of discretion, rather than de novo. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). See also Gibson v. R.G. Smith Co., 915 F.2d 260, 261-63 (6th Cir.1990). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. In re Bendectin Litigation, 857 F.2d 290, 307 (6th Cir.1988), cert. denied, 488 U.S. 1006 (1989).
 
 
 8
 A district court's dismissal of a case on grounds of res judicata is reviewed under a de novo standard by this court. Sanders Confectionary Products, Inc. v. Heller Fin., Inc., 973 F.2d 474, 480 (6th Cir.1992), cert. denied, 113 S.Ct. 1046 (1993). The doctrine of res judicata, also called claim preclusion, allows a final judgment on the merits of an action to preclude the parties or their privies from relitigating claims that were or could have been raised in that action. Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). Under claim preclusion, a final judgment on the merits bars any and all claims by the parties on their privies based on the same cause of action. White v. Colgan Elec. Co., 781 F.2d 1214-1216 (6th Cir.1986); Anchor Motor Freight v. International Bhd. of Teamsters Local Union No. 377, 700 F.2d 1067, 1070 (6th Cir.), cert. denied, 464 U.S. 819 (1983). As correctly noted by the district court, the principals of res judicata are applicable to federal civil rights actions. Allen, 449 U.S. at 96-100.
 
 
 9
 Res judicata is established with four elements: 1) a final decision was rendered on the merits in the first action by a court of competent jurisdiction; 2) the second action involved the same parties or their privies as the first; 3) the second action raises issues actually litigated or which should have been litigated in the first action; 4) there is an identity of the causes of action. Sanders Confectionery, 973 F.2d at 480. Upon review, this court concludes that these four elements have been met in this case. Therefore, the district court did not abuse its discretion in finding no basis in law or fact for the claim and in dismissing this claim as frivolous. Neitzke, 490 U.S. at 322-23.
 
 
 10
 Accordingly, Mitchell's motions are denied, and the district court's order dismissing this case is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James L. Oakes, Senior U.S. Circuit Judge for the Second Circuit, sitting by designation