12 F.3d 213
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Morris MITCHELL, Plaintiff-Appellant,
v.
Ed TOTTEN; C. Baker; Shelby County Justice Center,
Defendants-Appellees.
 No. 93-5214.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1993.
 
 1
 Before: MILBURN and BATCHELDER, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Morris Mitchell, pro se, appeals a district court judgment dismissing as frivolous this civil rights complaint filed under 42 U.S.C. Sec. 1983. See 28 U.S.C. Sec. 1915(d). The defendants include the Shelby County Jail and two other individuals whose capacities and relationship to this lawsuit go unspecified in the complaint.
 
 
 3
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 4
 In his complaint, Mitchell alleges, generally, that he is entitled to habeas corpus relief because he was "not fully represented correctly," without specifying the procedure, individual, or trial to which he is referring. Further, Mitchell claims that he was not notified that the "case" had been dismissed, so that he is entitled to a declaratory judgment that the defendants "violated the United States Constitutional Amendments [sic]."
 
 
 5
 After liberally construing this complaint, the district court determined that it completely lacked any factual allegations so that it was impossible from the conclusory legal arguments to discern the nature of the alleged constitutional violation. The district court dismissed the complaint as frivolous, citing to 28 U.S.C. Sec. 1915(d) and to Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 6
 On appeal, Mitchell argues that the district court erred by construing his complaint as frivolous and by applying Neitzke v. Williams to the complaint. Mitchell also argues that the district court should not have revoked his in forma pauperis status and should have appointed counsel for him. He now requests an award of $12,000 for his "mental condition and the stress" that has caused him to be reincarcerated and has allegedly led him to become addicted to drugs. Within his brief, Mitchell also moves this court for leave to appeal in forma pauperis.
 
 
 7
 The Supreme Court has held that a Sec. 1915(d) dismissal is to be reviewed for an abuse of discretion, rather than de novo. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992); see also Gibson v. R.G. Smith Co., 915 F.2d 260, 261-63 (6th Cir.1990). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. In re Bendectin Litigation, 857 F.2d 290, 307 (6th Cir.1988), cert. denied, 488 U.S. 1006 (1989).
 
 
 8
 Upon review, this court concludes that Mitchell's complaint contains mere conclusory allegations of unconstitutional conduct by persons acting in a capacity which the complainant does not describe. On appeal, Mitchell continues to make general arguments that his constitutional rights were violated, without specifying who the defendants are or how the actions that were taken violated his rights. Thus, this complaint lacks an arguable basis in law and fact, and the district court did not abuse its discretion in dismissing the case as frivolous under Sec. 1915(d). Neitzke, 490 U.S. at 325.
 
 
 9
 Accordingly, Mitchell's motion for in forma pauperis status is granted for the limited purpose of deciding the merits of this appeal, and the district court's order dismissing this complaint as frivolous is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation