16 F.3d 1223
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Jimmy Dean WATSON, Plaintiff-Appellant,
Robert Stout, Plaintiff,
v.
John T. WIGGINTON, Secretary, Department of Corrections;
Dewey Sowders, Warden, Northpoint Training Center; Alan
Sims, Captain; Bill Case, Sergeant; A. Clark, Lieutenant;
D. Hirschauer, Lieutenant; Carol Jackson; John Doe
McCowan; Rodney Lawrence; Lieutenant; John Does,
Northpoint Training Center Correctional Officers,
Defendants-Appellees.
 No. 93-6023.
 United States Court of Appeals, Sixth Circuit.
 Jan. 24, 1994.
 
 Before: NELSON and NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This is an appeal from an order dismissing a prisoner civil rights action filed under 42 U.S.C. Sec. 1983. Jimmy Dean Watson and Robert Stout, Kentucky inmates, filed a civil rights complaint against various corrections officers in connection with a 1991 disciplinary action at Northpoint Training Center. The matter was referred to a magistrate judge, prior to service on the named defendants, who recommended that the complaint be dismissed. The district court ultimately agreed that the complaint was frivolous within the meaning of 28 U.S.C. Sec. 1915(d) and ordered that the complaint be dismissed without prejudice. Watson filed a timely motion to amend the judgment under Fed.R.Civ.P. 59 which was also denied. This appeal by Watson followed, and has been construed as brought from the underlying judgment. See Peabody Coal Co. v. Local Union Nos. 1734, 1508 and 1548, UMW, 484 F.2d 78, 81 (6th Cir.1973). Watson has submitted a brief without benefit of counsel; the named defendants were never served and are not participating in the appeal.
 
 
 3
 The relevant facts (as taken from the complaint) and procedure may be summarized as follows: On June 12, 1991, prison authorities at Northpoint began an investigation in response to anonymous complaints of loan-sharking and other extortionist practices of Watson and Stout. The two inmates were formally advised of disciplinary charges being lodged against them on July 15, 1991, and found guilty on July 23, 1991. Their punishment included loss of good time credits and administrative segregation. On April 4, 1993, Watson and Stout filed the present suit against all corrections officials involved in the initiation and disposition of the disciplinary action. The complaint raised Fourteenth Amendment due process and equal protection claims and the plaintiffs sought monetary and injunctive relief.
 
 
 4
 The magistrate judge to whom the matter was referred found that, under any construction of the facts, the complaint was filed more than one year from the accrual date of the claim. The district court conducted a de novo review, accepted the magistrate's recommendation and ordered that the complaint be dismissed without prejudice as frivolous under 28 U.S.C. Sec. 1915(d).
 
 
 5
 A complaint is frivolous within the meaning of Sec. 1915(d) only when the plaintiff fails to set forth any claim having an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). This is typically manifested as a claimed infringement of a clearly non-existent legal interest or a claim based in fantasy or delusion. Lawler v. Marshall, 898 F.2d 1196, 1198-99 (6th Cir.1990). The district court should permit the complaint to be filed upon a showing of indigency and then review the complaint under the Neitzke standard. Gibson v. R.G. Smith Co., 915 F.2d 260, 261-63 (6th Cir.1990). A district court's decision to dismiss a complaint pursuant to Sec. 1915(d) is reviewed for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 6
 The district court did not abuse its discretion in ordering the dismissal of the present complaint. In an action brought under 42 U.S.C. Sec. 1983, federal courts apply the state statute of limitations for personal injury actions. 42 U.S.C. Sec. 1988; Wilson v. Garcia, 471 U.S. 261, 276-80 (1985). The Kentucky statute of limitations applicable to the present action, Ky.Rev.Stat.Ann. Sec. 413.140(1)(a) (Michie/Bobbs-Merrill 1992), provides that personal injury actions must be commenced within one year of accrual of the claim for relief. Collard v. Kentucky Bd. of Nursing, 896 F.2d 179, 182 (6th Cir.1990). Watson's complaint clearly reflects that his claim for relief accrued, at the latest, on July 23, 1991, the date on which he was found guilty of the prison disciplinary infraction. The complaint was filed on April 4, 1993, more than one year after the accrual of the claim. Although Kentucky law formerly recognized a tolling of the limitations period during incarceration, this provision was repealed on July 13, 1990, one year and ten days before the accrual of the present claim. Ky.Rev.Stat.Ann. Sec. 413.140(1)(a) (Michie/Bobbs-Merrill 1992).
 
 
 7
 Watson seeks to avoid the statute's applicability by contending that conditions of his confinement prevented his earlier litigation of this claim and that the defendants have not made a showing that they have been prejudiced by the delay. There is, however, no evidence to support Watson's claim that he was affirmatively prevented from filing before this date. The record, in fact, contains ample evidence that Watson spent much of this prior period vigorously pursuing various state court claims. In addition, as the defendants were never served, it is understandable that they have not contended that their defense of this action has been prejudiced by delay. The complaint is patently out of time and the district court did not commit an abuse of discretion in concluding that it was frivolous within the meaning of Sec. 1915(d).
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.