Albert G. GIBSON, Plaintiff–Appellant,

v.

R.G. SMITH COMPANY,
Defendant–Appellee.

No. 89–3609.

United States Court of Appeals,
Sixth Circuit.

Submitted June 7, 1990.

Decided Oct. 2, 1990.

Albert G. Gibson, Painesville, Ohio, plaintiff-appellant, pro se.

Karen S. McQueen and John Bogniard, Krugliak, Wilkins, Griffiths & Dougherty, Canton, Ohio, for defendant-appellee.

Before JONES and NELSON, Circuit Judges, and PECK, Senior Circuit Judge.

NATHANIEL R. JONES, Circuit Judge.

Plaintiff-appellant Albert G. Gibson appeals from the district court's dismissal of his employment discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The action was dismissed as frivolous pursuant to 28 U.S.C. § 1915(d). Because the district court employed procedures which prevented Gibson from formally instituting his action, we decline to address the merits of this appeal and remand the case to allow Gibson to file a complaint,

whereupon the district court shall pass on its merits.

## I.

Gibson, who is Black, sought employment with the defendant-appellee, R.G. Smith Company ("Smith"), as a carpenter. He claims that he was the first person to apply for the position and that he was qualified. Smith filled the position with a White carpenter who was referred through the union hall. It appears from the record that Smith only hired carpenters referred by the union. Gibson filed two complaints with the Equal Employment Opportunity Commission ("EEOC") charging that Smith had discriminated against him on the basis of his race and that the union which represented him, United Brotherhood of Carpenters, Local 404 and Joiners of America, AFL–CIO, denied him a referral in retaliation for previously having filed a charge of discrimination against it. The EEOC found no evidence of a Title VII violation.

Gibson subsequently attempted to commence an action in the United States District Court for the Northern District of Ohio by filing an application for appointment of counsel and authorization to commence suit without prepayment of costs, fees, or security. A magistrate granted Gibson's application for leave to proceed *in forma pauperis*, but referred his request for an attorney to the district court. The district court appointed Richard G. Lillie as counsel for Gibson. The court ordered Attorney Lillie to "review the allegations made in the [Gibson] application and file a complaint in this matter within thirty (30) days of the entry of this order, without prepayment of costs, pursuant to 28 U.S.C. § 1915, *unless, however, counsel determines that a complaint would be entirely frivolous as a matter of law and/or fact*." J. App. at 19 (emphasis added). If Lillie determined that a complaint would be frivolous, he was to file a report in lieu of a complaint detailing his investigation of the case and the bases for his conclusion.

In an April 18, 1989 report to the district court, Lillie concluded that there was no evidence that race was a factor in Smith's decision not to hire Gibson. The district court subsequently issued an order dismissing Gibson's case as frivolous pursuant to 28 U.S.C. § 1915(d). Thus, despite being granted pauper status, Gibson was never permitted to file a complaint.

## II.

A district court's dismissal of an *in forma pauperis* complaint as frivolous is reviewed for abuse of discretion. *Byrd v. Wilson*, 701 F.2d 592, 594 (6th Cir.1983) (per curiam). We hold that the district court's prescreening of Gibson's complaint, and its ultimate prevention of the complaint's filing, constitutes an abuse of discretion. 28 U.S.C. § 1915(d) empowers a court to dismiss an action brought *in forma pauperis* "if satisfied that the action is frivolous or malicious." The purpose of this provision is to prevent abuse of the *in forma pauperis* statute. *Harris v. Johnson*, 784 F.2d 222, 223 (6th Cir.1986). Although the district court in the instant case no doubt had this purpose in mind when it appointed and instructed Attorney Lillie, allowing the court to employ section 1915(d) to prescreen the merits of actions before any complaint has been filed is inconsistent with the section's language and intent.

Section 1915(d), read in conjunction with the entirety of the *in forma pauperis* statute, presupposes the filing of a complaint. *See Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir.) (per curiam) ("[W]hen a motion to proceed in forma pauperis is filed and the poverty affidavit is facially sufficient, the complaint should be filed.... The complaint is then tested under 28 U.S.C. § 1915(d)...."), *cert. denied*, 450 U.S. 985, 101 S.Ct. 1524, 67 L.Ed.2d 821 (1981). 28 U.S.C. § 1915(a) provides that "[a]ny court of the United States may authorize the commencement ... of any suit, action or proceeding, civil or criminal ... without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action ... and affiant's belief that he is

entitled to redress." As we read this provision, its purpose is to allow persons without means to file a complaint pursuant to Fed.R.Civ.P. 3. Rule 3 provides, "A civil action is commenced by *filing a complaint* with the court." (Emphasis added). The Advisory Committee Notes to Rule 3 state that the rule "governs the commencement of all actions." (Emphasis added). "[A] legislative body generally uses a particular word with a consistent meaning in a given context." *Erlenbaugh v. United States*, 409 U.S. 239, 243, 93 S.Ct. 477, 480, 34 L.Ed.2d 446 (1972). Section 1915(a)'s use of the term "commencement" and Rule 3's use of the term "commenced" do not appear to deviate from the latter rule of statutory construction. These two provisions should be read conjunctively. We must therefore conclude that when section 1915(d) authorizes the district court to dismiss a frivolous action, it is referring to an action properly commenced by the filing of a complaint. We recognize that courts may prevent a *pro se* litigant from filing an *in forma pauperis* complaint where such a litigant has a long track record of filing frivolous suits. *See Urban v. Nations*, 768 F.2d 1497, 1500 (D.C.Cir.1985) (per curiam) (imposing injunction on litigious *pro se* claimant requiring that he seek leave of court prior to filing a complaint in a United States federal court). However, there is no allegation that Gibson has a history of filing frivolous *pro se* claims in federal court.

Section 1915 admittedly does not outline a precise procedure for dismissing an *in forma pauperis* action. Although early Sixth Circuit authority held that courts could dismiss actions as meritless based solely on a party's section 1915(a) affidavit submitted in support of his motion to proceed *in forma pauperis, see Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir.1959), more recent cases suggest that this procedure is inappropriate. In *Brooks v. Dutton*, 751 F.2d 197, 198 (6th Cir.1985) (per curiam), this court stated that it was error to dismiss an action as frivolous under section 1915(d) without first allowing a complaint to be filed under section 1915(a) upon a showing of poverty. *Dutton* appears consistent with several courts' treatment of *in forma pauperis* actions, whereby the filing of a complaint is conditioned solely upon a person's demonstration of poverty in his affidavit and the question of frivolousness is taken up thereafter. *See Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir.1982) ("The preferred practice is for the Magistrate first to consider the petitioner's economic status and decide whether to grant leave to proceed *in forma pauperis*. If leave is granted, the Court magistrate should then determine whether dismissal is appropriate under 28 U.S.C. 1915(d).") (citations omitted); *Boyce v. Alizaduh*, 595 F.2d 948, 950 (4th Cir.1979) (" 'Some courts have blurred the distinction between 1915(a) and 1915(d) by approving the practice of denying leave to proceed *in forma pauperis* on the ground that the complaint is frivolous or malicious. The practice observed by most courts is to consider only the petitioner's economic status in making the decision whether to grant leave to proceed *in forma pauperis*.' ") (quoting "Recommended Procedures For Handling Prisoner Civil Rights Cases In the Federal Courts" (Federal Judicial Center, Tentative Report No. 2, 1977)); *Cay v. Estelle*, 789 F.2d 318, 322 (5th Cir.1986) ("A grant of leave to proceed *in forma pauperis* is made by considering only a petitioner's economic status."); *Franklin v. Murphy*, 745 F.2d 1221, 1226–27 n. 5 (9th Cir.1984); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir.1979) (per curiam) ("Under the provisions of 28 U.S.C. 1915(a), when a prisoner files a motion for leave to proceed *in forma pauperis* and the affidavit of property is facially sufficient, the complaint should be filed."); *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir.1983) (where section 1915(a) satisfied, better practice is to allow the action to be docketed).

The procedure recognized by *Dutton* and followed by several of the circuits was followed in the instant case only to a point. A magistrate scrutinized Gibson's application to determine whether it contained allegations of poverty sufficient to allow Gibson to proceed without prepayment of costs. The magistrate then granted Gibson leave to proceed *in forma pauperis*. This leave

would be absolutely meaningless if Gibson were not allowed to file his complaint.

While section 1915(a) may invite an affiant to "state the nature of the action" and his belief that he is entitled to redress, surely it is unfair to solicit such limited information and to treat whatever is offered as the totality of the affiant's suit. Section 1915(a) does not clearly call for the kind of factual allegations which a party proceeding *in forma pauperis* must make in order to avoid a dismissal of his action. Indeed, an affiant could well read section 1915(a)'s requirement that he state the nature of his action as a requirement that he merely provide a topical reference, such as "employment discrimination" or "civil rights," accompanied by a cursory description. This paucity of detail would obviously render the complaint more vulnerable to dismissal.

In the instant case, the cost of allowing a complaint to be filed is scarcely greater than the cost of evaluating the motion to proceed *in forma pauperis*. In the Northern District of Ohio, the district out of which this case arose, magistrates assess an affiant's financial circumstances to determine his eligibility to proceed *in forma pauperis*. Administrative Order No. 96 (adopted December 9, 1988). A magistrate does not have authority to deny a motion to proceed *in forma pauperis*. *Woods v. Dahlberg*, 894 F.2d 187, 188 (6th Cir.1990) (per curiam). Thus, once the magistrate granted Gibson's motion, the matter proceeded automatically to a district judge. That the district judge should be required to examine a complaint instead of or in addition to the affidavit filed does not seem unduly wasteful. We thus hold that it was error for the district judge to preclude the filing of a complaint and that the proper procedure to be followed in this circuit, as it is in several others, is to allow a complaint to be filed upon a showing of poverty by the affiant.

We also find that the district court acted improperly by consulting with Attorney Lillie in what was essentially a third party capacity. As employed in the case at bar, Attorney Lillie did not function as an advocate for Gibson. Rather, his role was more akin to that of a third party investigator. It was "impermissible for a trial judge to deliberately set about gathering facts outside the record of [a case] over which he was to preside." *Price Bros. Co. v. Philadelphia Gear Corp.*, 629 F.2d 444, 447 (6th Cir.1980), *later appeal*, 649 F.2d 416 (6th Cir.), *cert. denied*, 454 U.S. 1099, 102 S.Ct. 674, 70 L.Ed.2d 641 (1981). A district court may not rely upon an *ex parte* communication with a third party in determining the merits of an action. *Id.* (citing Canons 3(A)(4) & 3(c)(1)(a), Code of Judicial Conduct for United States Judges). Yet, the procedure employed in the present case resulted in such reliance by the district court. Because application of section 1915(d) requires that a complaint be pending, and because an attorney may not be used as an intermediary to prescreen the merits of an action not yet filed, we find error in the district court's handling of the present case.[1]

### III.

For the foregoing reasons, the judgment of the district court is REVERSED, and the case REMANDED for further proceedings not inconsistent with this opinion.

DAVID A. NELSON, Circuit Judge, concurring.

Like my colleagues, I am not particularly enthusiastic about the procedure followed by the district court. The procedure did not work well in this instance, and it may have some potential for abuse. Given both the language of 28 U.S.C. § 1915 and our own circuit precedent, however, I am not prepared to suggest that a case in the posture of this one could never be dismissed before the filing of a formal com-

---

1. We note Smith's argument that Gibson's appeal should be dismissed because Gibson filed his *pro se* appellate brief three days late and failed to mail a copy of his brief to Smith. However, the record prepared by the Clerk of the Court does not reflect any tardiness on Gibson's part, and in any event, we decline to deny the appeal on the ground Smith asserts.

plaint, regardless of whether the district court could be sure that the action was frivolous.

Turning first to the specifics of the case before us, I note that the record contains no indication that the court-appointed attorney gave Mr. Gibson a copy of the brief he filed with the district court. The certificate of service accompanying the brief says only that a copy was mailed to R. G. Smith Co. The Supreme Court's opinion in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) — a case dealing with counsel appointed at the appellate level — teaches that "[a] copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses...." *Id.* at 744, 87 S.Ct. at 1400. This should have been done here.

Under *Anders*, moreover, appointed counsel should "advise the court of what points he might have raised and why he thinks they would have been frivolous." *United States v. Edwards*, 777 F.2d 364, 365 (7th Cir.1985) (per curiam). It seems to me that counsel failed to discharge this duty adequately in the case at bar. If the facts set forth in the brief are true, I do not understand how the attorney could be certain that Mr. Gibson's claim is without substance. The brief indicates that Mr. Gibson, a black man, was told by R.G. Smith Co. that the company would hire him as a carpenter "off-the-street," and the next thing he knew the company had used the union hiring hall to fill the position in question with a white man. Under the applicable collective bargaining agreement, we are told, "R.G. Smith had the option of hiring either off-the-street, or through the Union Hall." But the fact that the agreement gave R.G. Smith such an option obviously does not rule out the possibility that the company used the option to engage in impermissible discrimination. The district court had no basis for concluding that Mr.

Gibson's action was frivolous, in my view, and I therefore agree that the judgment of dismissal represented an abuse of discretion.

If a proper *Anders* brief had been filed in this case, on the other hand, and if the plaintiff had been given an opportunity to respond to it, I do not believe that the district court would have had to allow the filing of a formal complaint even if it were clear that the complaint would be frivolous.[1] The attorney surely could not be required to file a complaint that he believed to be without merit, see *Edwards*, 777 F.2d at 365, and if the district court, after being properly advised, had been in a position to determine that any complaint filed *pro se* would be frivolous, the mere fact that the plaintiff had not filed frivolous complaints in the past would not require the district court to let him start now.

I think that we are bound on this point by *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir.1959), where we held as follows:

"The right to proceed in forma pauperis under Sec. 1915, Title 28, U.S. Code, is not an unqualified one. The statute provides that the Court '*may* authorize' the commencement or prosecution of a suit without prepayment of fees and costs. (Emphasis added.) If the proposed action is clearly without merit, it is within the discretion of the District Judge to deny the application." (Citations omitted.)

If Congress had intended that persons without means should have an unqualified right to file frivolous complaints, *Underwood* reasoned, the first sentence of § 1915(a) would have been mandatory, not permissive: it would have said the district court "shall authorize" the commencement of the action without prepayment of fees. Because the statute says instead that the court "may authorize" the commencement of the action — *i.e.*, "may" permit a com-

---

1. A refusal by the district court to allow the filing of a complaint would not make the prior granting of *in forma pauperis* status meaningless. Under a procedure patterned on that sanctioned in *Anders*, a person granted pauper status would be given a lawyer, and the lawyer would file a complaint unless he or she determined that a complaint would be frivolous. In that event the indigent person would be allowed time "to raise [with the court] any points that he chooses...." None of this could happen, of course, without the indigent person first having received leave to proceed *in forma pauperis*.

plaint to be filed __ *Underwood* was probably correct in holding, as it did, that the district court may decline to allow the filing of a frivolous complaint.

Whether *Underwood* was decided correctly or not, however, it would be a sharp break with the traditions of this circuit for a three-judge panel to overrule it without the concurrence of a sufficient number of active judges to place the authority of the full court behind such a decision. The short *per curiam* opinion in *Brooks v. Dutton*, 751 F.2d 197 (6th Cir.1985), may contain *dicta* that do not fit comfortably within the holding of *Underwood*, but the results reached in the two cases are entirely consistent,[2] and *Dutton* did not even cite *Underwood*, much less purport to overrule it.

The conclusion that an indigent person has an absolute right to file at least one frivolous complaint *in forma pauperis* is refuted not only by *Underwood*, but by a wealth of legal history. See *Wartman v. Branch 7, Civil Division, County Court, Milwaukee County, Wis.*, 510 F.2d 130, 132 (7th Cir.1975). Citing Duniway, *The Poor Man in the Federal Courts*, 18 Stan.L.Rev. 1271, 1272–73 (1966), and Maguire, *Poverty and Civil Litigation*, 36 Harv.L.Rev. 361, 377 (1923), *Wartman* notes that our *in forma pauperis* statute was modeled on a statute of Henry VII under which, beginning no later than 1744, a person seeking permission to file a complaint *in forma pauperis* had to have a lawyer certify that the applicant "hath good Cause of Action." *Wartman*, 510 F.2d at 132. And as the Supreme Court observed in *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 45, 35 S.Ct. 236, 237, 59 L.Ed. 457 (1915), the 1892 version of our *in forma pauperis* statute "imposed no imperative duty to grant a request to proceed as a poor person[,] but merely conferred authority to do so when the fact of poverty was established *and the case was found not to be frivolous....*" (Emphasis supplied.)

The statute was amended in 1910, but the "safeguards provided for the exercise of the authority found in the statute as originally enacted were not changed by the amendment...." *Id.* Wherever the amended statute authorized the giving of permission to proceed as a poor person, on the contrary, the statute preserved "judicial discretion to determine the poverty ... of the applicant *and the meritorious character of the cause in which the relief was asked.*" *Id.* at 46, 35 S.Ct. at 238. (Emphasis supplied.) Although there have been amendments subsequent to 1910, none of them, as far as I am aware, was intended to effect any change in this respect.

In *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), to be sure, the Supreme Court held that a failure to state a claim within the meaning of Rule 12(b)(6), Fed.R.Civ.P., would not automatically make an *in forma pauperis* complaint "frivolous" within the meaning of § 1915(d). But *Neitzke* did not hold that there can be no such thing as a frivolous *in forma pauperis* complaint, and the decision expressly refrained from holding that courts must allow such complaints to be filed. The Court cited *Wartman*, and after noting a split of circuit authority on whether the decision to grant pauper status should be treated "as a threshold inquiry based exclusively on the movant's poverty," the Court went on to say that "we have no occasion to consider the propriety of these varying applications of the statute." *Id* at n. 1. The Court did not cite our decision in *Loum v. Underwood*, and obviously did not overrule it.

If 28 U.S.C. § 1915(a) gives district courts discretion not to allow frivolous complaints to be filed *in forma pauperis*, as *Underwood* squarely holds that it does, a district court that wished to exercise such discretion would not have to rely on § 1915(d). But the question whether

---

**2.** We are told in *Dutton* that "the complaint was filed," and the district court then "dismissed the complaint" *sua sponte.* 751 F.2d at 198. "The real basis for the dismissal," the *Dutton* panel went on to say, was not 28 U.S.C. § 1915(a) __ on which the dismissal in *Underwood* was based, it will be recalled __ but § 1915(d); and under § 1915(d), the panel held, the dismissal was proper. *Id.* Accordingly, the decision to dismiss the complaint was affirmed.

§ 1915(d) necessarily presupposes the filing of a complaint may have some significance in the statute of limitations area, and I hope our decision here will not be read as undercutting the well-established rule that a pauper's case is commenced on the date of the filing of an application for authority to proceed *in forma pauperis,* and not on the date of the filing of a complaint. See *Mohler v. Miller,* 235 F.2d 153 (6th Cir. 1956).

It is true that the authors of Rule 3, Fed.R.Civ.P., said without qualification that "[a] civil action is commenced by filing a complaint with the court." But the authors of § 1915(d) said without qualification that "the case" may be dismissed "if the allegation of poverty [in a § 1915(a) affidavit] is untrue" __ and this seems to presuppose that a "case" may be commenced by precisely the sort of pre-complaint filing that Mr. Gibson made in the case at bar.

Mr. Gibson's application contains virtually all of the elements of a true complaint. It has a proper caption. It has a file number assigned by the court. It has a title that names the plaintiff and the defendant. It states the grounds on which the court would have jurisdiction over the action. It contains a short and plain statement of a claim showing that the plaintiff is entitled to relief. And if *Mohler v. Miller* is still good law, its filing was sufficient to stop the running of the statute of limitations.

For me, this is enough to show that a "case" was pending before the district court. I believe that such a case may be dismissed if the court concludes that the allegation of poverty is untrue or if the court is satisfied that the action is frivolous or malicious. When § 1915(d) says "[t]he court ... *may dismiss the case* if the allegation of poverty is untrue, or *if satisfied that the action is frivolous or malicious,"* I do not think it is saying that the court must automatically permit the frivolous complaint to be filed first.