947 F.2d 946
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas TESTA, Plaintiff-Appellant,
v.
Honorable Barbara K. HACKETT, Defendant-Appellee.
 No. 91-1714.
 United States Court of Appeals, Sixth Circuit.
 Nov. 6, 1991.
 
 1
 Before RYAN and BOGGS, Circuit Judges, and HOOD, District Judge.*
 
 ORDER
 
 2
 Thomas Testa, a pro se Michigan citizen, appeals a district court order denying his application to proceed in forma pauperis (IFP) in the district court. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Testa submitted a "Petition for Writ of Lis Pendens" along with an application to proceed in forma pauperis in the district court. After reviewing the petition and IFP application, the district court denied Testa in forma pauperis status. In a marginal notation, the court commented that "the compl. [sic] has no substance and makes no sense[.]" Testa has filed a timely appeal from this decision. On appeal, he has filed a "Motion For Judgment."
 
 
 4
 Upon review, we determine that the district court abused its discretion in denying Testa's IFP application. See Gibson v. R.G. Smith Co., 915 F.2d 260, 261 (6th Cir.1990). The district court clearly considered the merits of Testa's petition in denying his IFP application. However, the granting or denying of an application to proceed in forma pauperis and the filing of the complaint is conditioned solely upon a person's demonstration of poverty in his affidavit. Id. at 262. The district court should have granted Testa's IFP application, filed the petition, and then dismissed the case, if appropriate, pursuant to 28 U.S.C. § 1915(d). Id.
 
 
 5
 Accordingly, we deny all pending motions, vacate the district court's judgment and remand the case for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, U.S. District Judge for the Eastern District of Kentucky, sitting by designation