977 F.2d 581
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Lee JACKSON, Plaintiff-Appellant,
v.
Judith A. LANZINGER, Judge, et al., Defendants-Appellees.
 No. 92-3417.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1992.
 
 Before KEITH, NATHANIEL R. JONES and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 James Lee Jackson, an Ohio state prisoner, requests the appointment of counsel on appeal from the dismissal of his civil rights complaint as frivolous, pursuant to 28 U.S.C. § 1915(d). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Jackson brought suit under various federal civil rights laws and pendent state laws against an Ohio Common Pleas Court judge, a court reporter, two police detectives, two prosecuting attorneys, and his former attorney, alleging that the defendants had conspired against him on the basis of his race to coerce him into pleading guilty to a crime of which he was innocent, and then proceeded to break the plea agreement and cover up their acts by altering a court transcript. He sought declaratory and injunctive relief, as well as monetary relief from the attorney defendants. The district court dismissed the complaint as frivolous, finding that the defendants were entitled to judicial immunity.
 
 
 3
 Upon review, it is concluded that the district court did not abuse its discretion in dismissing this complaint under 28 U.S.C. § 1915(d), see Gibson v. R.G. Smith Co., 915 F.2d 260, 261 (6th Cir.1990).
 
 
 4
 Jackson argues on appeal that the attorney defendants were not entitled to immunity from damages. However, absolute immunity extends to all those performing or essential to the adjudicative function, including judges, prosecutors, counsel, and witnesses. See Briscoe v. LaHue, 460 U.S. 325, 334-35 (1983). Jackson also argues that the district court did not address his claims for equitable relief. However, this court may affirm the dismissal on grounds in addition to those stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990). In this case, Jackson's claims for equitable relief were subject to dismissal because a ruling on the claims could have implied that Jackson's conviction was illegal. See Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985) (per curiam). Jackson admitted that he had a pending state court collateral action attacking his conviction. He has also not yet sought federal habeas relief from his conviction. Accordingly, this civil rights complaint was properly dismissed. The request for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.