977 F.2d 583
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Wesley THOMPKINS, Plaintiff-Appellant,
v.
Jay DOUGLAS, Personnel Manager, Accuride Corporation,
Defendant-Appellee.
 No. 92-5231.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1992.
 
 Before MERRITT, Chief Judge, and ALAN E. NORRIS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs of the parties, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Plaintiff has filed a motion for reconsideration of this court's April 8, 1992, order denying appointment of counsel and pauper status. Subsequent to the filing of the motion for reconsideration, plaintiff filed new motions for appointment of counsel and pauper status. Defendant has moved to strike affidavits attached to the plaintiff's reply brief.
 
 
 2
 Thompkins filed a complaint pursuant to 42 U.S.C. § 1983 that his discharge from employment by Jay Douglas, a supervisor with Accuride Corp., violated his civil rights. The district court allowed the filing of the complaint in forma pauperis, determined that the complaint failed to state a claim under § 1983 and dismissed the action pursuant to 28 U.S.C. § 1915(d) as frivolous. Such dismissal was without prejudice to any right of plaintiff to bring an employment discrimination action after exhaustion of administrative remedies. Plaintiff appealed.
 
 
 3
 On appeal, plaintiff argues in his appellate brief that he has plead and proved the two elements required to get relief pursuant to 42 U.S.C. § 1983, that his complaint should be treated as a Title VII action and that he has been subjected to cruel and unusual punishment because he was without a job for an extended period of time. In his reply brief, he again argues that he has met the elements required for relief under § 1983.
 
 
 4
 The dismissal of an in forma pauperis complaint as frivolous is reviewed for abuse of discretion. Gibson v. R.G. Smith Co., 915 F.2d 260, 261-63 (6th Cir.1990).
 
 
 5
 The complaint was filed in the district court pursuant to 42 U.S.C. § 1983. After careful review of the matter, this court has determined that plaintiff failed to allege the required elements for a § 1983 action; therefore, the district court did not abuse its discretion in dismissing the in forma pauperis complaint as frivolous.
 
 
 6
 Accordingly, the decision of the district court is affirmed for the reasons stated in the district court's order filed February 6, 1992. Rule 9(b)(3), Rules of the Sixth Circuit. Because the action is frivolous, the motion to reconsider the April 8, 1992, order as it applies to the motion for appointment of counsel and the subsequent motion for appointment of counsel are denied. In addition, the motion to reconsider as it applies to the denial of pauper status and the subsequent motion for pauper status are denied as moot. Plaintiff paid the filing fee during the pendency of this appeal. The motion to strike is granted.