985 F.2d 560
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tommy Wayne MYERS; Ola Myers, Plaintiffs-Appellants,
v.
FEDERAL JUDGES; State and County Judges; State of
Tennessee; the Attorney General of Sevier County,
et al., Defendants-Appellees.
 No. 92-5999.
 United States Court of Appeals, Sixth Circuit.
 Jan. 25, 1993.
 
 Before NATHANIEL R. JONES and SUHRHEINRICH, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Tommy Wayne Myers and his mother, Ola Myers, appeal pro se from a district court order which denied their application for pauper status. Their appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 On June 4, 1992, the district court found that the plaintiffs' claims were "delusional, fanciful, vague and frivolous" and denied their application for pauper status under 28 U.S.C. § 1915. It is from this judgment that they now appeal. The plaintiffs' brief contains a request for counsel as well as a request to proceed as paupers in this appeal. The appellees were not served with the complaint and they have not filed a brief.
 
 
 3
 The decision to refuse an application for pauper status lies within the sound discretion of the district court. Phipps v. King, 866 F.2d 824, 825 (6th Cir.1988). The district court's review of an application for pauper status is normally based solely on the affidavit of indigency. See Gibson v. R.G. Smith Co., 915 F.2d 260, 262-63 (6th Cir.1990) (collecting cases). The plaintiffs' affidavit in the present case indicates that they are indigent. Therefore, the district court should have allowed them to file their complaint as paupers and then dismissed the case under § 1915(d) if the plaintiffs' claims were frivolous. See id. at 263; Brooks v. Dutton, 751 F.2d 197, 198 (6th Cir.1985) (per curiam).
 
 
 4
 While a remand is necessary under Gibson, we note that the district court may enjoin a truly litigious plaintiff from filing complaints without prior approval from the court. The courts "may prevent a pro se litigant from filing an in forma pauperis complaint where such a litigant has a long track record of filing frivolous suits." Gibson, 915 F.2d at 262. The record indicates that Tommy Myers may be such a prolific litigant.
 
 
 5
 Accordingly, the appellants' request for pauper status is granted for the limited purpose of permitting review in this appeal and their request for counsel is denied. The district court's judgment is vacated and the case is remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.