19 F.3d 1433
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bobby J. McMURRAY; Richard P. Rienholtz; Ricky Harris,
Plaintiffs-Appellants,
v.
Ned R. McWHERTER; Charles W. Burson; Thomas White; Mary
B. Leibowitz; Ralph E. Harwell; Edith S.
Hammons; Joseph D. Baugh, Defendants-Appellees.
 No. 93-6059.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1994.
 
 1
 Before: KEITH and BATCHELDER, Circuit Judges; and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Bobby J. McMurray, Richard P. Rienholtz, and Ricky Harris, pro se Tennessee prisoners, appeal a district court order denying their motions to proceed in forma pauperis pursuant to 28 U.S.C. Sec. 1915(a). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiffs filed motions to proceed in forma pauperis in which they requested permission to commence their suit seeking to file a civil rights action against the governor of Tennessee and several state prison officials. Plaintiffs claimed that the defendants violated their Eighth and Fourteenth Amendments rights under the United States Constitution and provisions of the Tennessee Constitution.
 
 
 4
 The district court denied plaintiffs' request for pauper status pursuant to 28 U.S.C. Sec. 1915(a) because they could afford to pay $60 of the requisite filing fees. On appeal, plaintiffs essentially argue that the district court abused its discretion by requiring them to pay a partial filing fee, by failing to serve the summonses upon the defendants, and by not ruling on the merits of the complaint before deciding their pauper motion.
 
 
 5
 Upon review, we affirm the district court's order as the district court did not abuse its discretion in denying plaintiffs' in forma pauperis status. See Phipps v. King, 866 F.2d 824, 825 (6th Cir.1988). Given their aggregated monthly income in excess of $140 and their lack of essential living expenses, it does appear that plaintiffs can afford the $60 for filing their suit. Finally, plaintiffs' contention that the district court erred by not serving summonses upon the defendants and by not reaching the merits of their complaint prior to determining their pauper status is without merit. See Gibson v. R.G. Smith Co., 915 F.2d 260, 261-63 (6th Cir.1990).
 
 
 6
 Accordingly, we affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation