47 F.3d 1167
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Luis ARANGO-ALVAREZ, Plaintiff-Appellant,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Defendant-Appellee.
 No. 94-1907.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1995.
 
 E.D.Mich., No. 94-72294; Paul V. Gadola, Judge.
 E.D.Mich.
 VACATED.
 
 
 1
 Before: MERRITT, Chief Judge; BATCHELDER, Circuit Judge, and WEBER, District Judge.*
 
 ORDER
 
 2
 Luis Arango-Alvarez appeals pro se from a district court order that denied his application for pauper status. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 The application for pauper status was filed under 28 U.S.C. Sec. 1915. It was denied by the district court on June 28, 1994, and Arango-Alvarez's motion for reconsideration was denied on August 9, 1994.
 
 
 4
 The district court's review of an application for pauper status is normally based solely on the affidavit of indigency. See Gibson v. R.G. Smith Co., 915 F.2d 260, 262-63 (6th Cir.1990) (collecting cases). The decision to grant or deny such an application lies within the sound discretion of the district court. Phipps v. King, 866 F.2d 824, 825 (6th Cir.1988). However, the denial of an application to proceed in forma pauperis is reviewable by this court on appeal. Roberts v. United States Dist. Court, 339 U.S. 844, 845 (1950) (per curiam).
 
 
 5
 In the present case, the district court did not state its reasons for denying Arango-Alvarez's application and its rationale is not apparent from the order denying reconsideration. It also appears that Arango-Alvarez may be indigent, as he is not employed and has only $45.81 in assets. Hence, a remand is necessary because it is not possible to determine whether the district court abused its discretion in denying the application. See Phipps, 866 F.2d at 825.
 
 
 6
 Accordingly, the district court's judgment is vacated, and the case is remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation