103 F.3d 128
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vivian Janet BOWMAN, Plaintiff-Appellant,
v.
Joey DOOM, Agent to Liberty Mutual Insurance, Defendant-Appellee,
Fayette County Deputy Sheriff Montgomery, Defendant.
 No. 96-5364.
 United States Court of Appeals, Sixth Circuit.
 Dec. 13, 1996.
 
 Before: BROWN, GUY, and COLE, Circuit Judges.
 
 ORDER
 
 1
 This pro se civil litigant appeals a district court judgment dismissing her civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Vivian Janet Bowman sued a Lexington, Kentucky insurance agent (Joey Doom), and a member of the Fayette County (Ky.) Sheriff's Department. Bowman appears to have claimed that: 1) Joey Doom improperly refused to pay her insurance proceeds arising from an automobile accident; and 2) Fayette County Deputy Sheriff Montgomery assaulted her.
 
 
 3
 The district court granted Bowman's motion to dismiss Fayette County Sheriff's Deputy Montgomery, and sua sponte dismissed Bowman's complaint against defendant Joey Doom as frivolous pursuant to 28 U.S.C. § 1915(d). Bowman appeals that judgment.
 
 
 4
 In her timely appeal, Bowman reasserts her claims against defendant Joey Doom.
 
 
 5
 This court reviews a judgment dismissing an action pursuant to § 1915(d) for an abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33-34 (1992); Gibson v. R.G. Smith Co., 915 F.2d 260, 261 (6th Cir.1990). A complaint, permitted to be filed without prepayment of any costs under § 1915(a), may be dismissed as frivolous only when the plaintiff fails to present any claim with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. Id. at 327-28.
 
 
 6
 Upon review, we conclude that the district court did not abuse its discretion. In order to be subject to suit under § 1983, a defendant's conduct must be fairly attributable to the state. Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982); Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). Defendant Doom's conduct cannot be attributed to the state. Doom is merely a private citizen who represented the company that insured Bowman's automobile. Thus, there is nothing in the record to show that Doom was acting under color of state law when he negotiated the automobile accident settlement with Bowman, a fact which is required in order to state a viable § 1983 claim. See Flagg Bros. v. Brooks, 436 U.S. 149, 155 (1978). Bowman's claims against Doom have no basis in law. In addition, assuming that both Bowman and Doom are residents of Kentucky, Bowman has not established a jurisdictional basis in federal court for her state tort claim against Doom. Therefore, the district court lacked subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1).
 
 
 7
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the district court's opinion and order dated February 13, 1996.