107 F.3d 871
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gail L. THOMAS, Plaintiff-Appellant,
v.
UNITED HOME CARE, Defendant-Appellee.
 No. 95-4329.
 United States Court of Appeals, Sixth Circuit.
 Feb. 28, 1997.
 
 1
 Before: KENNEDY, NELSON, and GODBOLD,* Circuit Judges.
 
 ORDER
 
 2
 Gail L. Thomas appeals a district court order denying her application to proceed in forma pauperis in an employment discrimination action that Thomas sought to file under Title VII, 42 U.S.C. § 2000e-5. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 After the Equal Employment Opportunity Commission determined that Thomas's claims against the defendant did not establish a violation of Title VII, Thomas asked the district court to provide her assistance in obtaining an attorney. The court referred the request to the Volunteer Lawyers for the Poor Project, which determined that Thomas did not meet the financial requirements for eligibility in the program. Thomas then requested permission to proceed in forma pauperis in the district court. Upon review of Thomas's pauper affidavit, the district court determined that she was not entitled to pauper status and directed her to submit her complaint along with the proper filing fee. Rather than comply with this order, Thomas filed a timely notice of appeal. After this court denied her request to proceed in forma pauperis on appeal, Thomas paid the filing fee for her appeal.
 
 
 4
 Upon review, we conclude that the district court properly denied Thomas's request to proceed in forma pauperis. The district court's review of an application for pauper status is normally based solely on the party's affidavit of indigency. See Gibson v. R.G. Smith Co., 915 F.2d 260, 262-63 (6th Cir.1990). The decision to grant or deny such an application lies within the sound discretion of the district court. Phipps v. King, 866 F.2d 824, 825 (6th Cir.1988). However, the denial of an application to proceed in forma pauperis is immediately reviewable by this court on appeal. Roberts v. United States District Court, 339 U.S. 844, 845 (1950) (per curiam). A review of Thomas's pauper affidavit reveals that she is not indigent and, consequently, is not entitled to pauper status.
 
 
 5
 Accordingly, this court affirms the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John C. Godbold, Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation