Ronald L. DAVIS, Plaintiff–Appellant,

v.

Howard COOK; Donal Campbell, Defendants–Appellees.

No. 00–5886.

United States Court of Appeals, Sixth Circuit.

Feb. 7, 2001.

Before MERRITT and COLE, Circuit Judges; HOOD, District Judge.*

*ORDER*

Ronald L. Davis, a pro se Tennessee prisoner and frequent litigator, appeals a district court order that denied his motion for the district court to reconsider its order that denied him permission to prosecute his latest 42 U.S.C. § 1983 suit. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. *See* Fed. R.App. P. 34(a).

Because Davis had eight prior frivolity dismissals, the district court denied Davis leave to proceed in forma pauperis. Alleging that he was under imminent danger of physical harm, Davis filed a motion for the district court to reconsider. The district court denied the motion, noting that Davis had failed to make any showing that he was in imminent danger and that Davis was in protective custody. Davis filed a timely notice of appeal, and the district court has assessed the appellate filing fee.

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

In this appeal, Davis argues that the district court erred in applying 28 U.S.C. § 1915(g) to his suit.

 Upon review, the district court's order will be affirmed essentially for the reasons stated by that court. We review a district court's denial of pauper status for an abuse of discretion. *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990). Section 1915(g), the "three-strikes" rule provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Although all eight of the cited dismissals occurred before the effective date of the Prison Litigation Reform Act ("PLRA"), they may be counted as strikes retroactively to litigation filed after the April 26, 1996, effective date of the PLRA. *Wilson v. Yaklich,* 148 F.3d 596, 602–04 (6th Cir. 1998). Davis does not dispute that at least three prior civil actions filed by him were dismissed as frivolous by the district court. He also does not dispute the district court's finding that he is housed in protective custody. Further, Davis has cited nothing which would exclude this case from the three strikes provision of the PLRA. *See* § 1915(g). As noted by the district court, Davis alleged nothing that falls within the "imminent danger of serious physical injury" exception to § 1915(g). While Davis alleged threats and mistreatment at the hands of other inmates and prison staff, he did not allege any immediate or specific danger of future serious physical injury.

The district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.