**Erick T. PEOPLES, Plaintiff–Appellant,**

v.

**Patrick J. DOOLAN, City Officer; City of Saginaw, Defendants–Appellees.**

No. 01–1228.

United States Court of Appeals, Sixth Circuit.

Oct. 31, 2001.

Before MERRITT and DAUGHTREY, Circuit Judges; WELLS, District Judge.*

*ORDER*

Erick T. Peoples, a pro se Michigan prisoner, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Peoples sued a police officer and the City of Saginaw, Michigan, concerning a 1986 arrest. The district court originally gave Peoples leave to proceed in forma pauperis. However, that status was revoked when the court discovered that Peoples had satisfied the three strikes provision of 28 U.S.C. § 1915(g). The court revoked Peoples's pauper status and dismissed the complaint under § 1915(g). Peoples was allowed thirty days to pay the full filing fee, which he failed to do. It is from this decision that Peoples appeals.

On appeal, Peoples argues that he was the victim of conspiracies, that he was

---

* The Honorable Lesley Brooks Wells, United States District Judge for the Northern District    of Ohio, sitting by designation.

illegally arrested, and that he was sexually abused as a child.

The district court's denial of pauper status is reviewed for an abuse of discretion. *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir.1990). Section 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Peoples does not dispute that at least three prior civil actions filed by him were dismissed as frivolous by the district court. Further, Peoples has cited nothing which would exclude this case from the three strikes provision of § 1915(g). Therefore, the district court did not abuse its discretion in dismissing the complaint under § 1915(g).

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.