### Michael Belike CLARK, Plaintiff–Appellant,

v.

### K. LEMKE; F. Braam, Resident Unit Managers, in their individual capacities; W. Registered Nurse, in his individual capacity; C. Palmer, Warden, in his individual capacity, Defendants–Appellees.

### No. 01–1356.

United States Court of Appeals, Sixth Circuit.

Feb. 4, 2002.

Before RYAN and GILMAN, Circuit Judges; POLSTER, District Judge.*

Michael Belike Clark, a pro se Michigan state prisoner, appeals a district court

* The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages and declaratory relief, Clark sued employees at Michigan's Ionia Maximum Correctional Facility in their individual capacities. Clark claimed that the defendants violated his constitutional rights in connection with injuries he claimed to have suffered after he was assaulted by an unnamed inmate—while being escorted by a corrections officer.

The district court denied Clark permission to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g) and dismissed Clark's case because Clark did not remit the required filing fee as ordered. This timely appeal followed. Clark moves this court to grant him permission to proceed in forma pauperis on appeal, and moves to have counsel appointed to represent him.

Upon review, the district court's order will be affirmed for the reasons stated by that court. We review a district court's denial of pauper status for an abuse of discretion. *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir.1990). The so-called "three strikes" provision, 28 U.S.C. § 1915(g), provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Significantly, Clark does not contest that he has three prior frivolity dismissals; rather, he appears to argue that the district court erred in applying § 1915(g) to his case. To the extent that Clark argues that § 1915(g) is unconstitutional, his argument has already been considered and rejected by this court. *See Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir.1998). Clark also has not alleged any facts to establish that he is in imminent danger of serious physical injury, and thus he does not fit within the exception to the statutory mandate that prohibits him from proceeding in forma pauperis in light of his three prior frivolity dismissals.

Accordingly, the motions to proceed in forma pauperis and for the appointment of counsel are hereby denied, and the district court's judgment is affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.