**Rodney BRANHAM, Plaintiff–Appellant,**

v.

**Timothy J. COOK, Defendant–Appellee.**

No. 02–1105.

United States Court of Appeals, Sixth Circuit.

Oct. 23, 2002.

Before BATCHELDER, COLE, and GIBBONS, Circuit Judges.

Rodney Branham, a Michigan prisoner proceeding pro se, appeals a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, a declaratory judgment, and injunctive relief, Branham brought suit against a service officer at the St. Clair County Jail (Timothy J. Cook) claiming that the defendant violated his First and Fourteenth Amendment rights by not providing him with forms and instructions to challenge a personal protection order that was issued against him by the state courts. In an order filed September 12, 2001, the district court allowed Branham to file the complaint in forma pauperis.

Also on September 12, 2001, the district court issued an order requiring Branham to show cause why his complaint should not be dismissed pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g). Branham filed a response to the show cause order. Inasmuch as Branham had at least three prior cases in the district court that were dismissed as frivolous or for failure to state a claim, which Branham did not deny, the district court revoked pauper status and dismissed the complaint under § 1915(g). Reconsideration was denied. This timely appeal followed.

The district court's denial of pauper status is reviewed for an abuse of discretion. *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir.1990). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. *See Romstadt v. Allstate Ins. Co.,* 59 F.3d 608, 615 (6th Cir.1995). A court abuses its discretion when it relies on clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard. *Id.*

Upon review, we affirm the district court's order for the reasons stated by that court. The so-called "three strikes" provision of the PLRA provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil

action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Significantly, Branham does not contest that he has at least three prior frivolity dismissals; rather, he argues that the district court erred in applying § 1915(g) to his case. To the extent that Branham argues that § 1915(g) is unconstitutional, his argument has already been considered and rejected by this court. *See Wilson v. Yaklich,* 148 F.3d 596, 604–06 (6th Cir.1998). Branham also has not alleged any facts to establish that he is in imminent danger of serious physical injury, and thus he does not fit within the exception to the statutory mandate that prohibits him from proceeding in forma pauperis in light of his three prior frivolity dismissals. Finally, contrary to Branham's claim on appeal, § 1915(g) specifically applies to pretrial detainees. *See* 28 U.S.C. § 1915(h).

Because Branham's complaint clearly satisfied the provisions of § 1915(g) at the moment of filing, the district court had no authority to consider the merits of the complaint.

Accordingly, the district court's order is affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.