**Johnny L. BUTLER, Plaintiff–Appellant,**

v.

**UNITED STATES of America, et al., Defendants–Appellees.**

No. 01–6447.

United States Court of Appeals, Sixth Circuit.

Dec. 11, 2002.

Before NORRIS and GILMAN, Circuit Judges; and MCKEAGUE, District Judge.*

---

### ORDER

Johnny L. Butler, a pro se federal prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) and the Federal Tort Claims Act, 28 U.S.C. § 2671. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Butler sued the United States of America and multiple prison officials contending that his constitutional rights were violated because he was asked by a prison guard, in front of other inmates, for the names of inmates who were selling drugs at the facility. Butler also stated that the defendants conspired to cover-up this constitutional violation. The district court dismissed the case as Butler had not paid the required filing fee. The district court noted that Butler's complaint had violated its prior sanction order and that the complaint did not satisfy the imminent danger exception of 28 U.S.C. § 1915(g).

In his timely appeal, Butler contends that the district court should not have dismissed the complaint without first addressing its merits.

The district court's judgment is reviewed for an abuse of discretion. *See Gibson v. R.G. Smith, Co.,* 915 F.2d 260, 261 (6th Cir.1990). The "three strikes" provision of 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless a prisoner is under imminent danger of serious physical injury.

Butler does not contest the fact that he had three prior frivolous dismissals. Rather, he argues that the district court erred in not addressing the merits of his complaint. What Butler fails to realize is that because he satisfies § 1915(g), he may not seek pauper status in the district court. Instead, he must pay the required filing fee before his action may proceed. The statute forbids almost all attempts by indigent prisoners to gain access to the federal courts in civil actions if they have had three prior dismissals as described in § 1915(g). *Wilson v. Yaklich,* 148 F.3d 596, 602 (6th Cir.1998). Thus, the district court could not address the merits of Butler's complaint.

Further, Butler has not alleged any facts to establish that he is in imminent danger of serious physical injury. Therefore, he does not fit within the exception to the statutory mandate that prohibits him from proceeding in forma pauperis in light of his three prior frivolous dismissals.

---

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.