**Dale Maurice MILLER,**
**Plaintiff–Appellant,**

v.

**Barbara MENEAR, et al., Defendants–**
**Appellees.**

**No. 02–2500.**

United States Court of Appeals,
Sixth Circuit.

June 23, 2003.

Before DAUGHTREY and ROGERS, Circuit Judges; and QUIST, District Judge.[*]

_____
[*] The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

*ORDER*

Dale Maurice Miller, a Michigan prisoner proceeding pro se, moves for counsel and appeals a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Miller brought suit against two prison officials at the Baraga Maximum Correctional Facility claiming that the defendants violated his First Amendment right of access to the court and also violated his rights under the Eighth Amendment when they falsely and maliciously accused him of aggravated stalking. In an order filed September 30, 2002, the district court allowed Miller to file the complaint in forma pauperis.

Also on September 30, 2002, the district court issued an order requiring Miller to show cause why his complaint should not be dismissed pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g). Miller did not file a response to the show cause order. Inasmuch as Miller had at least six prior cases in the district court that were dismissed as frivolous or for failure to state a claim, which Miller did not deny, the district court revoked pauper status and dismissed the complaint under § 1915(g). Reconsideration was denied. This timely appeal followed.

Upon review, we conclude that the district court properly dismissed the complaint for the reasons stated by that court. The district court's denial of pauper status

is reviewed for an abuse of discretion. *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir.1990). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. *See Romstadt v. Allstate Ins. Co.,* 59 F.3d 608, 615 (6th Cir.1995). A court abuses its discretion when it relies on clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard. *Id.* The so-called "three strikes" provision of the PLRA provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Miller does not contest that he has at least three prior frivolity dismissals. Miller also has not alleged any facts to establish that he is in imminent danger of serious physical injury, and thus he does not fit within the exception to the statutory mandate that prohibits him from proceeding in forma pauperis in light of his three prior frivolity dismissals.

Because Miller's complaint clearly satisfied the provisions of § 1915(g) at the moment of filing, the district court had no authority to consider the merits of the complaint.

Accordingly, the motion for counsel is denied, and the district court's order is affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.