**Gabble Lee MITCHELL,**
**Plaintiff–Appellant,**

v.

**State of TENNESSEE, et al.,**
**Defendants–Appellees.**

No. 03–5816.

United States Court of Appeals,
Sixth Circuit.

Jan. 30, 2004.

Gabble Lee Mitchell, Only, TN, Pro se.

Before MARTIN, RYAN, and MOORE, Circuit Judges.

*ORDER*

Gabble Lee Mitchell, a pro se Tennessee prisoner, appeals a district court order administratively closing his civil rights case until he pays the required filing fee. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Mitchell sued the State of Tennessee and a multitude of state officials. The essence of Mitchell's complaint was that he was being illegally incarcerated. Mitchell sought leave to proceed in forma pauperis with the district court. The district court denied Mitchell's in forma pauperis request as Mitchell had previously filed at least seven civil actions in the district court which had been dismissed as frivolous. Therefore, citing 28 U.S.C. § 1915(g), the district court ruled that Mitchell was not permitted to proceed in forma pauperis and was required to pay the full filing fee. Despite Mitchell's numerous attempts to prosecute or to hold the case in abeyance, the district court closed the case until Mitchell paid the filing fee.

On appeal, Mitchell contends that he did not file his complaint at taxpayer's expense. He also argues the merits of his complaint. Mitchell has several motions pending before the court.

The district court's denial of pauper status is reviewed for an abuse of discretion. *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir.1990). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. *See Romstadt v. Allstate Ins. Co.,* 59 F.3d 608, 615 (6th Cir.1995). A court abuses its discretion when it relies on clearly erroneous findings of fact, when it improperly applies the law, or uses an erroneous legal

standard. *Id.* The so-called "three strikes" provision of § 1915(g) provides that:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Mitchell does not contest that he has at least three prior frivolity dismissals. Mitchell also has not alleged any facts to establish that he is in imminent danger of serious physical injury. Thus, Mitchell does not fit within the exception to the statutory mandate that prohibits him from proceeding in forma pauperis in light of his more than three prior frivolity dismissals. Because Mitchell's complaint clearly satisfied the provisions of § 1915(g) at the moment of filing, the district court had no authority to consider the merits of the complaint.

Accordingly, we deny all pending motions before the court and affirm the district court's order Rule 34(j)(2)(C). Rules of the Sixth Circuit.