19 F.3d 1433
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael MEEHAN, Plaintiff-Appellant,
v.
J. Paul NEWMAN; John Doe, Assistant District Attorney;
John Doe, Police Officer; Ann Lacy Johns, Judge;
Susan Massey, Defendants-Appellees.
 No. 93-5972.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1994.
 
 1
 Before: KEITH and BATCHELDER, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Michael Meehan, a pro se Tennessee prisoner, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. Secs. 1983, 1985, and 1988. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Meehan sued his court appointed defense counsel, a prosecutor, police officers, and a state court judge for allegedly conspiring to induce him to plead guilty to unidentified criminal charges. He did not state in what capacity he sued the state officials. Meehan alleged that his attorney conspired with police by agreeing not to challenge a "clearly" unlawful arrest and that counsel knew Meehan was incompetent to enter a plea because he was under medication at the time the plea was entered.
 
 
 4
 The district court granted Meehan's motion to proceed in forma pauperis; however, it dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). In his timely appeal, Meehan contends that the district court erred in dismissing his complaint because he was not challenging the length of his confinement; therefore, the complaint should not have been construed as a request for habeas relief. Meehan also argues that the district court failed to consider his allegations of intentional misconduct by his appointed counsel. He requests the appointment of counsel and oral argument.
 
 
 5
 A district court's dismissal of an in forma pauperis complaint as frivolous is reviewed for abuse of discretion. Gibson v. R.G. Smith Co., 915 F.2d 260, 261 (6th Cir.1990). A district court can dismiss a complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d) only when the plaintiff fails to present a claim with a rational or arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir.1990).
 
 
 6
 Upon review, we conclude that the district court properly dismissed Meehan's complaint as frivolous. Because a ruling on Meehan's civil rights complaint would imply that his state conviction is or would be illegal, the district court properly dismissed the complaint until Meehan could establish by a writ of habeas corpus that he was denied a constitutional right. Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985) (per curiam). Furthermore, Meehan has not established that he is a victim of racial or other class-based discrimination as required by 42 U.S.C. Sec. 1985. See Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). His defense counsel is not subject to suit under 42 U.S.C. Sec. 1983, Polk County v. Dodson, 454 U.S. 312, 321 (1981); the county prosecutor is entitled to immunity, Imbler v. Pachtman, 424 U.S. 409, 424-26 (1976); and the state court judge is not subject to monetary damages. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 & n. 10 (1989). Finally, Meehan is not entitled to fees under 42 U.S.C. Sec. 1988 because he is not a prevailing party. Hanrahan v. Hampton, 446 U.S. 754, 757 (1980).
 
 
 7
 Accordingly, we deny the requests for relief and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation