19 F.3d 1433
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James LUMPKIN, Jr., Plaintiff-Appellant,
v.
Reginald A. WILKINSON; Margaret Ghee, Defendants-Appellees.
 No. 93-4060.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1994.
 
 Before: MARTIN, RYAN, and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 James Lumpkin, Jr., a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking release from his confinement, Lumpkin sued various state officials alleging that the defendants: 1) violated his Fourth Amendment right to be free from illegal searches and seizures when he was arrested and searched pursuant to an arrest warrant intended for another individual; 2) violated the Double Jeopardy Clause when he was twice sentenced for the same offense; and 3) forced him to serve the remainder of his sentence in violation of his Fourteenth Amendment right to equal protection. The district court dismissed the complaint as frivolous, concluding that pursuant to Preiser v. Rodriguez, 411 U.S. 475, 490 (1973), Lumpkin's sole remedy is a writ of habeas corpus because he sought to challenge the fact and duration of his confinement. Lumpkin has filed a timely appeal.
 
 
 3
 We review a district court's dismissal of an in forma pauperis complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d) for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992); Gibson v. R.G. Smith Co., 915 F.2d 260, 261 (6th Cir.1990). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. In re Bendectin Prods. Liab. Litig., 857 F.2d 290, 307 (6th Cir.1988), cert. denied, 488 U.S. 1006 (1989).
 
 
 4
 Upon review, we conclude that the district court abused its discretion to the extent it dismissed Lumpkin's Fourth Amendment claim, and thus vacate the judgment to the extent it dismissed this claim. Because such a claim may not normally be asserted by a state prisoner in a habeas corpus proceeding, see Stone v. Powell, 428 U.S. 465, 494-95 (1976), the court should have addressed the merits of the claim in the Sec. 1983 suit. See Feaster v. Miksch, 846 F.2d 21, 24 (6th Cir.), cert. denied, 488 U.S. 857 (1988). It did properly dismiss the remaining claims because they can be presented in a habeas petition, following exhaustion of state court remedies. Id. The judgment is hereby modified, however, to be without prejudice to Lumpkin's right to refile these claims if and when he successfully obtains a writ of habeas corpus. See Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985) (per curiam).
 
 
 5
 Accordingly, to the extent the district court dismissed Lumpkin's Fourth Amendment claim, the judgment is vacated and the case remanded for further proceedings; in all other respects, the judgment, as herein modified, is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.