21 F.3d 428
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Herman SEXTON, Plaintiff-Appellant,
v.
OHIO DEPARTMENT OF REHABILITATION/CORRECTION, Defendant-Appellee.
 No. 93-3562.
 United States Court of Appeals, Sixth Circuit.
 March 29, 1994.
 
 Before: KEITH and MARTIN, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Herman Sexton, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Sexton sued the Ohio Department of Rehabilitation and Correction stating that the defendant violated his due process rights when the Rule Infraction Board improperly found him guilty of a rule violation and placed him in disciplinary control for fifteen days. The district court dismissed the complaint sua sponte pursuant to 28 U.S.C. Sec. 1915(d). Sexton has filed a timely appeal.
 
 
 3
 We review a dismissal of an in forma pauperis complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d) for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992); Gibson v. R.G. Smith Co., 915 F.2d 260, 261 (6th Cir.1990). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. In re Bendectin Prods. Liab. Litig., 857 F.2d 290, 307 (6th Cir.1988), cert. denied, 488 U.S. 1006 (1989).
 
 
 4
 Upon review, we conclude that the district court did not abuse its discretion in this case as Sexton's claim lacks an arguable basis in law. See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). The Ohio Department of Rehabilitation and Correction is immune from liability. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam). Moreover, the record reflects that Sexton received all the process due him. See Martinez v. California, 444 U.S. 277, 284 n. 9 (1980); Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974).
 
 
 5
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.