30 F.3d 134
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earl Edward NORTON, Plaintiff-Appellant,
v.
Charles A. TRAUGHBER, Chairman of the Tennessee Board of
Paroles; Charles Burson, Attorney General for the
State of Tennessee; Members of the
Parole Board, Defendants-Appellees.
 No. 93-6516.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1994.
 
 1
 Before: GUY and BOGGS, Circuit Judges; and WOODS, Senior District Judge.*
 
 ORDER
 
 2
 Earl Edward Norton appeals a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. Secs. 1983, 1985(3) and 1986. Additionally, he requests the appointment of counsel. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary, injunctive and declaratory relief, Norton sued the Attorney General for the State of Tennessee, the Chairman of the Tennessee Board of Paroles, and members of the Parole Board who considered his parole eligibility, all in their individual capacities. Norton alleged that state statutes and policies of the Tennessee Board of Paroles are vague and arbitrarily applied in violation of the United States and Tennessee Constitutions. Norton also alleged that defendants conspired to, and did, deprive him of due process and the equal protection of the law by failing to grant him parole from his sentences for aggravated rape. The district court dismissed the case as frivolous, citing Malone v. Colyer, 710 F.2d 258, 260-61 (6th Cir.1983).
 
 
 4
 Upon review, we conclude that the district court did not abuse its discretion by dismissing the complaint as frivolous within the meaning of 28 U.S.C. Sec. 1915(d). See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992); Gibson v. R.G. Smith Co., 915 F.2d 260, 261 (6th Cir.1990). The complaint lacks an arguable basis in law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir.1990). Norton does not have a legitimate expectation of parole that cannot be denied without due process. See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 11-12 (1979). Furthermore, his conspiracy and equal protection claims have been previously adjudicated and are now barred by the doctrine of res judicata. See King v. South Cent. Bell Tel. & Tel. Co., 790 F.2d 524, 528 (6th Cir.1986); White v. Colgan Elec. Co., 781 F.2d 1214, 1216 (6th Cir.1986).
 
 
 5
 Accordingly, the request for counsel is denied, and the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable George E. Woods, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation