38 F.3d 1216
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Clinton SMITH, Plaintiff-Appellant,
v.
Tommy VANCE; Cheryl Donaldson; Charles Tracy; Captain
Leegan; Michael Dutton, Warden; Smithkline
Beecham Clinical Laboratories; Lillie
Jones, Defendants-Appellees.
 No. 94-5303.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1994.
 
 Before: JONES and SILER, Circuit Judges, and GODBOLD, Senior Circuit Judge.*
 
 ORDER
 
 1
 Clinton Smith, a pro se Tennessee prisoner, appeals a district court decision dismissing his civil rights complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Filing his complaint under 42 U.S.C. Sec. 1983, Clinton sued three members of the disciplinary board at the Riverbend Maximum Security Institution (RMSI) in Nashville, Tennessee, the Warden at RMSI, two correctional officers at that facility, and SmithKline Beecham Clinical Laboratories, a private drug testing firm. Smith's claims relate to two separate disciplinary actions which eventually resulted in Smith's reclassification to a higher security level at RMSI. The first charge was for being intoxicated from drug use after Smith tested positive for marijuana during a random drug test conducted at RMSI on July 10, 1993. The second charge was for possession of "free world money" after defendant Leegan conducted a routine search of Smith's cell on July 25, 1993.
 
 
 3
 Smith first argued that his Fourth Amendment right to be free of unreasonable search and seizure was violated when he was tested for drug use without probable cause. Smith also argued that the test was not "random," but is being used by the defendants to discriminate against him and other inmates on the basis of race. Smith next argued that defendant Leegan and the prison disciplinary board members denied him his right to due process when he was placed in segregation prior to his disciplinary hearing on the money possession charge. Smith also raised an equal protection claim when he alleged that the defendants segregated him on the basis of race without taking similar action when white prisoners were charged with this same offense at RMSI. Lastly, Smith raised a claim that the board had insufficient evidence to convict him of the money possession offense. On appeal, Smith repeats these allegations and raises a new claim that, because he was reclassified based on the above-described incidents, he was denied parole in October of 1993 and, hence, his "incarceration has been lengthened." Smith also moves this court to allow additional prison officials to be named as defendants and for a temporary restraining order enjoining the defendants from taking retaliatory measures as a result of his filing this suit.
 
 
 4
 Smith's claim that his incarceration has been lengthened as a result of the defendants' alleged improper conduct was not first presented to the district court and so need not be considered now. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). Also, Smith has abandoned his claim concerning the sufficiency of evidence to support the prison board's decision. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 5
 The district court did not abuse its discretion in dismissing this complaint as frivolous under 28 U.S.C. Sec. 1915(d). Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992); Gibson v. R.G. Smith Co., 915 F.2d 260, 261 (6th Cir.1990). The administration of drug testing is a search, but the testing does not require a finding of probable cause; the standard is whether the testing is reasonable. Skinner v. Railway Labor Executives' Ass'n, 489 U.S. 602, 617-20 (1989). Within the context of prison administration, the courts must afford prison administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979). The prison policy and practice of random drug testing is reasonably related to legitimate penological interests and is not an "exaggerated response" to prison concerns. Turner v. Safley, 482 U.S. 78, 84-91 (1987). Smith's argument that the drug testing was not truly "random" is based on a misreading of the prison's procedural requirements for conducting the tests. Contrary to Smith's belief, it was not "impossible" for his name to appear on a "random" list of inmates that were to be housed at RMSI during July of 1993, because the Department of Corrections knew at the time the list was compiled that Smith was to be transferred to that facility on or before July 1.
 
 
 6
 Smith's allegation that he was denied due process when he was placed in administrative segregation prior to his disciplinary hearing also lacks merit. The record shows that Smith received all the process due him under the circumstances. See Hewitt v. Helms, 459 U.S. 460, 476 (1983); Black v. Parke, 4 F.3d 442, 447-48 (6th Cir.1993). See also Childs v. Pellegrin, 822 F.2d 1382, 1387-88 (6th Cir.1987) (hearing held two weeks after placement in administrative segregation was adequate).
 
 
 7
 Lastly, the district court properly "pierced the veil" of Smith's allegations and found that there was no evidence to support these arguments that the defendants discriminated against him on the basis of race and denied him equal protection under the law. See Neitzke v. Williams, 490 U.S. 319, 327 (1989). See also Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987). Smith has not demonstrated a selective discriminatory purpose or proven that race was a motivating factor in the defendants' allegedly wrongful acts. See McCleskey v. Kemp, 481 U.S. 279, 292 (1987); Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 265 (1977).
 
 
 8
 Accordingly, Smith's pending motions are denied and the district court's order dismissing this complaint as frivolous is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John C. Godbold, Senior Circuit Judge for the United States Court of Appeals for the Eleventh Circuit, sitting by designation