68 F.3d 476
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wayne A. VAWTER, Plaintiff-Appellant,
Luke A. Vawter, a minor child, Plaintiff,
v.
Arthur L. DELLER, et al., Defendants-Appellees.
 No. 95-1317.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1995.
 
 1
 Before: MERRITT, Chief Judge; KENNEDY, Circuit Judge, and JOINER, District Judge.*
 
 ORDER
 
 2
 This pro se Michigan litigant appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Seeking monetary damages and injunctive relief, Wayne A. Vawter, individually, and on behalf of his minor son, sued two Macomb County Circuit Judges (Deborah Servitto and George Steeh III); the Supervisor of the Macomb County Friend of the Court office (Thomas McDonald); two employees of the Macomb County Friend of the Court office (Arthur Deller and Strother Wood Jr.); a City of Wyoming police officer (David Thompson); plaintiff's ex-wife (Loretta Vawter); the Macomb County Commissioners; the City of Wyoming City Commissioners; and the State of Michigan. Vawter sued the named defendants in their official and individual capacities.
 
 
 4
 In a thirty-seven page complaint, Vawter essentially claimed that a long list of actions by the defendants in this case violated his procedural and substantive due process rights under the Fourteenth Amendment, violated his right to be free from a warrantless arrest under the Fourth Amendment, violated his right to counsel under the Sixth Amendment, and violated his right to be free from excessive bail and fines under the Eighth Amendment. Vawter also claimed that the defendants committed the state torts of intentional infliction of emotional distress and abuse of process. Vawter's civil rights action concerns events that occurred in connection with child custody and support proceedings conducted in the Macomb County Circuit Court.
 
 
 5
 The magistrate judge recommended that Vawter's action be dismissed as frivolous pursuant to 28 U.S.C. Sec. 1915(d). The district court adopted the magistrate judge's report and recommendation in its entirety over Vawter's objections. Vawter appeals that judgment.
 
 
 6
 In his timely appeal, Vawter reasserts the claims he set forth in the district court. Vawter also argues that the district court did not review his pleadings with the required liberality given to pro se plaintiffs and thus improperly dismissed his action as frivolous.
 
 
 7
 This court reviews a judgment dismissing an action pursuant to Sec. 1915(d) for an abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33-34 (1992); Gibson v. R.G. Smith Co., 915 F.2d 260, 261 (6th Cir. 1990). A complaint, permitted to be filed without prepayment of any costs under Sec. 1915(a), may be dismissed as frivolous only when the plaintiff fails to present any claim with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. Id. at 327-28.
 
 
 8
 Upon review, we conclude that the district court did not abuse its discretion in dismissing Vawter's complaint for the reasons set forth in the district court's opinion dated February 8, 1995.
 
 
 9
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation