81 F.3d 160
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Elbert Phillip LONG, Plaintiff-Appellant,
v.
Emmitt L. SPARKMAN; Helen Howard-Hughes; Parole Board of
the State of Kentucky; Chris Gorman, Kentucky
Attorney General, Defendants-Appellees.
 No. 95-5790.
 United States Court of Appeals, Sixth Circuit.
 March 20, 1996.
 
 Before: JONES, BOGGS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 This pro se Kentucky state prisoner appeals a district court judgment dismissing his complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages and injunctive relief, Elbert Phillip Long sued the warden of Kentucky's Northpoint Training Center (Emmitt L. Sparkman), the chairperson of the Kentucky Parole Board (Helen Howard-Hughes), the Kentucky Parole Board (named and unnamed current and former members), and the Attorney General for the Commonwealth of Kentucky (Chris Gorman), all in their official and individual capacities. Long claimed that the defendants violated his Sixth, Eighth and Fourteenth Amendment rights by denying him parole.
 
 
 3
 The case was submitted to a magistrate judge who recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915(d) as being time-barred. The district court adopted the magistrate judge's report and recommendation over Long's objections. Long appeals that judgment.
 
 
 4
 In his timely appeal, Long argues that: 1) the statute of limitations has not run because he has litigated his claim since 1992; 2) the statute of limitations does not begin to run until he is released from prison; 3) the court should conduct an evidentiary hearing because the defendants have not denied using falsified records in his parole hearing; and 4) his claims in a separate habeas corpus petition must be considered accurate because the court has already accepted his claims for relief to be true and accurate in this case.
 
 
 5
 This court reviews a judgment dismissing an action pursuant to § 1915(d) for an abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33-34 (1992); Gibson v. R.G. Smith Co., 915 F.2d 260, 261 (6th Cir.1990). A complaint, permitted to be filed without prepayment of any costs under § 1915(a), may be dismissed as frivolous only when the plaintiff fails to present any claim with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist. Claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. Id. at 327-28.
 
 
 6
 Long's claims lack an arguable or rational basis in law because they are barred by the applicable statute of limitations. Long argues that the defendants violated his Sixth, Eighth, and Fourteenth Amendment rights by denying him parole in 1992. He argues that his claims are not barred by the statute of limitations because the limitations period was tolled while he has been in constant litigation on his claims since 1992.
 
 
 7
 The district court properly dismissed Long's complaint. Kentucky's one year statute of limitations contained in Ky.Rev.Stat.Ann. § 313.140(1)(a) (Michie 1992) applies to civil rights claims arising in Kentucky. Collard v. Kentucky Bd. of Nursing, 896 F.2d 179, 182 (6th Cir.1990). The parole board denied Long parole in 1992. He appealed and the judgment denying him parole was affirmed in April of 1993. Long's complaint in this case was filed on February 8, 1995. Thus, unless the statute of limitations was tolled, Long's suit was untimely filed.
 
 
 8
 Long's argument in support of tolling the limitations period is meritless. Long argues that the limitations period has not yet run because he has been in constant litigation with respect to his claims since 1992. Although Kentucky previously allowed for tolling on the basis of incarceration, see Ky.Rev.Stat.Ann. § 413.310 (repealed Michie 1992); Cunningham v. Jones, 567 F.2d 653, 654 n. 2 (6th Cir.1977), the Kentucky legislature repealed the tolling statute, effective July 13, 1990. Long's parole was denied in 1992. The record reveals that Long's litigation challenged his conviction, not the adverse decision by the parole board. Under these circumstances, Long's incarceration did not toll the limitations period, as the tolling statute had been repealed over two years before Long was denied parole.
 
 
 9
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.