97 F.3d 1451
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darryl CORN, Plaintiff-Appellant,
v.
James MORGAN, Deputy Warden; Emmitt L. Sparkman, Warden;
Captain Bottoms; Captain Simms; Lieutenant Matlock;
Lieutenant Case; Lieutenant Able; Lieutenant Rogers;
Lieutenant Lanham; Lieutenant Hunn; Sergeant Jones;
Sergeant Johnson; Sergeant Westerfield; C/O Fredericks;
C/O Hicks; C/O Hodges; C/O Benedict; C/O Westerfield;
C/O Bottoms, Defendants-Appellees.
 No. 95-5541.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1996.
 
 Before: GUY, RYAN, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Darryl Corn, proceeding pro se, appeals a district court order dismissing this civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Corn sued the deputy warden at the Northpoint Training Center in Burgin, Kentucky, and several other correctional officers at that facility, in their individual and official capacities. Corn alleged that: 1) the prison's security staff had developed "arbitrary practices" that conflicted with the prison's programs for treatment, disciplinary processes and grievance mechanisms; and 2) the defendants denied him a sufficient opportunity for rehabilitation. Corn claimed that, as a result, he has been denied his rights to due process and equal protection under the law, and has been subjected to cruel and unusual punishment under the Eighth Amendment.
 
 
 3
 A magistrate judge determined that these claims were without merit and recommended that the complaint be dismissed as frivolous under 28 U.S.C. § 1915(d). The district court adopted this recommendation. On appeal, Corn reasserts his claims presented in the district court and moves this court for the appointment of counsel.
 
 
 4
 This court concludes that the district court did not abuse its discretion when it dismissed this complaint as frivolous under § 1915(d). Denton v. Hernandez, 504 U.S. 25, 33-34 (1992); Gibson v. R.G. Smith Co., 915 F.2d 260, 261 (6th Cir.1990). In making a determination of frivolity under § 1915(d), the district court can "pierce the veil of the complaint's factual allegations," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and is not bound to accept without question the truth of those allegations. Denton, 504 U.S. at 32. Moreover, a district court may dismiss a case as frivolous when it is based on claims that lack an arguable basis in law, such as when the defendants are clearly entitled to immunity or when the alleged infringement is of a legal interest which clearly does not exist. Neitzke, 490 U.S. at 327-28; Lawler v. Marshall, 898 F.2d 1196, 1199 (6th Cir.1990).
 
 
 5
 In support of his first claim, Corn stated that Northpoint's security staff implemented "self-made regulations" in the form of internal memoranda and handwritten notes that do not give the prisoners fair warning or notice that these rules have become part of the prison's official rules and policies. However, the Supreme Court has noted that "process is not an end in itself." Olim v. Wakinekona, 461 U.S. 238, 250 (1983). Corn's claim does not establish a due process violation, because this prisoner has no right to demand needless formality, without alleging or showing that the defendants denied him a substantive interest to which he has a legitimate claim of entitlement. Olim, 461 U.S. at 250; Pusey v. City of Youngstown, 11 F.3d 652, 656 (6th Cir.1993), cert. denied, 114 S.Ct. 2742 (1994).
 
 
 6
 Corn cannot establish an Eighth Amendment violation because he has provided no facts to support a finding that the defendants have been deliberately indifferent to any of his needs. Hudson v. McMillian, 503 U.S. 1, 8 (1992); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 103 (1976).
 
 
 7
 Accordingly, the motion for counsel is denied and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.