103 F.3d 128
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gerard Phillip BIEMER, Plaintiff-Appellant,
v.
CORRECTIONS CORPORATION OF AMERICA, a Delaware Corporation,
et al., Defendants-Appellees.
 No. 95-6663.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1996.
 
 Before: GUY, SUHRHEINRICH, and COLE, Circuit Judges.
 
 ORDER
 
 1
 Gerard Phillip Biemer, a pro se federal prisoner, appeals a district court order dismissing his civil rights suit filed under the doctrine announced in Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Biemer sued the Corrections Corporation of America, Inc. (CCA), in its Delaware and Tennessee forms, several of its directors and officers, as well as the warden of CCA's West Tennessee Detention Facility. Biemer asserted that the defendants violated his right of access to the courts. The district court dismissed the suit pursuant to 28 U.S.C. § 1915(d), reasoning that Biemer's action was time-barred under Tennessee's one-year statute of limitations. See Collard v. Kentucky Bd. of Nursing, 896 F.2d 179, 183 & n. 4 (6th Cir.1990).
 
 
 3
 In his timely appeal, Biemer reasserts his same claim and also argues that the court erred by dismissing the case without allowing him to amend his complaint so as to permit a change in venue.
 
 
 4
 Upon review, we conclude that the district court properly dismissed the suit for the reasons stated in its opinion. See 28 U.S.C. § 1915(d) (current version at 28 U.S.C.A. § 1915(e)(2)(B) (West 1996); Denton v. Hernandez, 504 U.S. 25, 33 (1992); Gibson v. R.G. Smith Co., 915 F.2d 260, 261 (6th Cir.1990). Biemer's claim is barred by Tennessee's one-year statute of limitations because the alleged events occurred more than one year prior to the filing of his complaint. See Collard, 896 F.2d at 183 & n. 4.
 
 
 5
 We also note that because the district court dismissed the case as frivolous and expressly cited to § 1915(d) in its order, it did not err by dismissing the complaint without allowing Biemer the opportunity to amend it. See Harris v. Johnson, 784 F.2d 222, 224 (6th Cir.1986).
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.