108 F.3d 1378
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Michael WHITE, Plaintiff-Appellant,
v.
Emmitt L. SPARKMAN, Defendant-Appellee.
 No. 96-5584.
 United States Court of Appeals, Sixth Circuit.
 March 12, 1997.
 
 E.D.Ky., No. 95-00462; Karl S. Forester, Judge.
 
 
 1
 E.D.Ky.
 
 
 2
 AFFIRMED.
 
 
 3
 Before: BATCHELDER and COLE, Circuit Judges; SPIEGEL, District Judge.*
 
 ORDER
 
 4
 James Michael White, a pro se Kentucky prisoner, appeals a district court order dismissing his civil rights complaint as frivolous under 28 U.S.C. § 1915(d). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 White sued the Warden of the Northpoint Training Center in Burgin, Kentucky, alleging that the defendant subjected him to retaliatory conduct after White exercised his First Amendment right to petition the courts, and that he violated his right to equal protection under the law. White brought this suit under 42 U.S.C. § 1983.
 
 
 6
 A magistrate judge considered the claims and recommended dismissing the complaint as frivolous under 28 U.S.C. § 1915(d). Upon review, the district court granted White's request to file an amended complaint. After considering the amended complaint, the magistrate judge, again, recommended dismissing the complaint as frivolous under § 1915(d). The district court considered White's objections, but adopted the report in its entirety, dismissing the complaint by order entered April 10, 1996.
 
 
 7
 On appeal, White reasserts the claims presented in the district court and argues that his complaint was not frivolous. White also argues that his complaint could have withstood a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6). Because White has abandoned his claim that he is entitled to damages and attorneys' fees under 28 U.S.C. § 1988, this court will not address that issue, on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 8
 This court concludes that the district court did not abuse its discretion when it dismissed this complaint as frivolous under § 1915(d). Denton v. Hernandez, 504 U.S. 25, 33-34 (1992); Gibson v. R.G. Smith Co., 915 F.2d 260, 261 (6th Cir.1990). The district court freely permitted White to amend his complaint, and provided White an ample opportunity to cure the deficiencies in his complaint, made known to him in the magistrate judge's first report and recommendation. The district court also provided a comprehensive statement of reasons explaining its decision to dismiss the complaint as frivolous. Under Denton, these factors weigh in favor of affirming the district court's order. Denton, 504 U.S. at 32.
 
 
 9
 After allowing White to amend his complaint, the district court could "pierce the veil of the complaint's factual allegations," Neitzke v. Williams, 490 U.S. 319, 327 (1989), and was not bound, as it usually is, to accept without question the truth of the plaintiff's allegations. Denton, 504 U.S. at 32. White's vague and conclusory statements did not satisfy his burden of showing that Sparkman's actions were taken with a retaliatory motive. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977). Thus, the district court properly dismissed White's retaliation claim as frivolous under § 1915(d).
 
 
 10
 White's equal protection claim cannot survive, because he could not establish that Sparkman intentionally discriminated against him because of White's membership in a protected class. Purisch v. Tennessee Technological Univ., 76 F.3d 1414, 1424 (6th Cir.1996) (quoting Henry v. Metropolitan Sewer Dist., 922 F.2d 332, 341 (6th Cir.1990)). Moreover, this court must accord prison administrators wide ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. Bell v. Wolfish, 441 U.S. 520, 547 (1979). Because there was a rational basis for the officials' decision to place temporary limits on White's visitation privileges, this restrictive order passes constitutional muster. Turner v. Safley, 482 U.S. 78, 89 (1987).
 
 
 11
 For the same reasons provided, above, there is no merit to White's argument that his complaint could have survived a motion to dismiss under Fed.R.Civ.P. 12(b)(6).
 
 
 12
 Accordingly, the district court's order dismissing White's complaint as frivolous is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation