**Bobby G. WRIGHT, Plaintiff–Appellant,**

v.

**SODEXHO MARRIOTT SERVICES, Defendant–Appellee.**

No. 01–5483.

United States Court of Appeals, Sixth Circuit.

March 7, 2002.

Before MOORE and COLE, Circuit Judges; TARNOW, District Judge.[*]

Bobby G. Wright, proceeding pro se, appeals a district court judgment dismissing his civil action. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking ten million dollars, Wright filed suit against Sodexho Marriott Services in Tennessee state court for defaming him by disseminating false allegations that he had engaged in sexual harassment. The defendant removed the action to federal court on the basis of diversity jurisdiction and moved to dismiss for failure to state a claim. The district court granted the motion, reasoning that Wright had failed to respond to the motion and that his complaint was too vague to ascertain the nature of the alleged slander. Wright moved the court to reconsider and directed the

court's attention to his response to the defendant's motion, which was filed shortly before the district court's order of dismissal. On reconsideration, the district court acknowledged Wright's response and considered the additional allegations within it, but found that Wright still had not alleged the substance of the slanderous words and denied the motion to reconsider.

In his timely appeal, Wright argues that his complaint did state a claim, that the defendant had improper ex parte communications with the district court, and that the district court erred by dismissing the action without granting him leave to amend the complaint. The defendant requests oral argument.

Upon de novo review, we conclude that the district court improperly dismissed the complaint for failure to state a claim. *See* Fed.R.Civ.P. 12(b)(6); *Wright v. Metro-Health Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir.1995).

In an action brought pursuant to the court's diversity jurisdiction, a federal court applies the substantive law of the state in which it sits. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 71–80, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

To establish a prima facie case of defamation in Tennessee, the plaintiff must establish that: 1) a party published a statement; 2) with knowledge that the statement is false and defaming to the other; or 3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement. *See* Restatement (Second) of Torts § 580 B (1977); *Press, Inc. v. Verran*, 569 S.W.2d 435, 442 (Tenn. 1978). "Publication" is a term of art meaning the communication of defama-

---

[*] The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

tory matter to a third person. *Quality Auto Parts Co. v. Bluff City Buick Co.*, 876 S.W.2d 818, 821 (Tenn.1994). *Sullivan v. Baptist Memorial Hosp.*, 995 S.W.2d 569, 571–72 (Tenn.1999).

We find that the plaintiff's complaint has satisfied the minimum requirements of notice pleading. Wright has alleged all of the proper elements of a defamation claim. In order to sustain a claim for relief, Wright is not required, at this stage in litigation, to provide more than allegations containing the basic elements of the claim. *See Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (reaffirming that Fed.R.Civ.P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir.1988). Mindful of the fact the defendants, if dissatisfied with the complaint, could have filed a Motion for More Definite Statement under Fed.R.Civ.P. 12(e), we find that Wright has stated a claim pursuant to Fed R. Civ. P. 12(b)(6).

Wright's argument as to alleged ex parte communications lacks merit. Wright did not describe any of the defendant's alleged ex parte communications with the district court and thus has not shown that the district court improperly relied on an ex parte communication to determine the merits of the action. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990).

Accordingly, the defendant's request for oral argument is denied, and the district court's judgment is reversed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.